■ MARIE PALADINO et al., Appellants, v COMMACK UNION FREE SCHOOL DISTRICT, Respondent. [763 NYS2d 628] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 25, 2002, as, in effect, upon renewal, adhered to its prior determination in an order dated April 29, 2002, granting the defendant's motion to dismiss the complaint and denying that branch of their cross motion which was to deem a letter dated January 16, 2001, served upon the defendant, to be a sufficient and timely notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court granted the motion of the defendant Commack Union Free School District to dismiss the complaint, due to the plaintiffs' failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e, and denied that branch of the plaintiffs' cross motion which was to deem a letter dated January 16, 2001, served upon the defendant, to be a sufficient and timely notice of claim, since the one year and 90-day statute of limitations to commence the action had expired. The plaintiffs moved, in effect, for leave to renew, arguing that the Supreme Court, which apparently did not receive the plaintiffs' reply papers, failed to consider their alternative argu-

ment, that a certain "Non-Employee Report of Injury" form, which the injured plaintiff filled out and delivered to the school nurse within one week of the accident, should be deemed a sufficient and timely notice of claim. The plaintiffs appeal from so much of the order as, in effect, upon renewal, adhered to its prior determination.

Pursuant to Education Law § 3813 (2), no action in tort may be prosecuted against a school district unless a notice of claim "shall have been made and served in compliance with section fifty-e of the general municipal law." Even accepting the plaintiffs' contention that the "Non-Employee Report of Injury" form contained sufficient information to be deemed a notice of claim, service upon the school nurse was not service on a "person designated by law" to be served (General Municipal Law § 50-e [3] [a]; *see* CPLR 311 [a] [7]; Education Law § 2 [13]). In the absence of evidence that the purported notice of claim was "actually received by a proper person" within 90 days of the injured plaintiff's accident, service cannot be found to be valid under General Municipal Law § 50-e (3) (c). Since the manner of service of the purported notice of claim was defective, the error could not be corrected after the expiration of the statute of limitations for commencement of the action (*see* General Municipal Law § 50-e [5], [6]). Altman, J.P., Krausman, Luciano and Crane, JJ., concur.