■ SONDRA WOLLINS et al., Respondents, v NEW YORK CITY BOARD OF EDUCATION, Appellant. [777 NYS2d 637]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered on or about April 7, 2003, which denied defendant's motion for summary judgment dismissing plaintiffs' action for their failure to file a timely notice of claim, unanimously reversed, on the law, without costs, the motion granted, leave to serve and file a late notice of claim nunc pro tunc denied and the action dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured in a slip and fall in a New York City school on January 11, 2001. A comprehensive accident report which described the circumstances of the accident was signed by the principal of the school on March 6, 2001.

Plaintiffs' notice of claim dated October 30, 2001, which defendant apparently received on November 2, 2001, was untimely, since it was not served within 90 days of the accrual of their cause of action (*see* General Municipal Law § 50-e [1] [a]). The

report concerning her accident was improperly deemed by the motion court to constitute a timely notice of claim, since that report in no way indicated or alleged the presence of a dangerous condition or any negligence on the part of defendant regarding such a condition. Accordingly, the municipal defendant did not have timely actual notice of the facts constituting the claim by virtue of such a report (*see Olivera v City of New York*, 270 AD2d 5, 6 [2000]).

Although plaintiffs served their complaint within the one year and 90 days time limit of General Municipal Law § 50-i (1) (c), their untimely notice of claim, served without seeking leave of the court, was a nullity, requiring dismissal of the complaint (*see* General Municipal Law § 50-e [5]; *De La Cruz v City of New York*, 221 AD2d 168, 169 [1995]).

Defendant's failure to reject or object to untimely service of the notice of claim did not amount to a waiver of its right to assert as a defense the untimeliness of plaintiffs' notice of claim; a municipal authority is under no obligation to notify a plaintiff that his notice of claim is not timely (*Davis v City of New York*, 250 AD2d 368, 370 [1998]). Nor did the City's participation in discovery proceedings have any effect on the clear statutory mandate of General Municipal Law § 50-e (5), which limits the court's authority to permit late service of notice of claim to applications made within the time for commencement of the action (*see Hall v City of New York*, 1 AD3d 254, 256 [2003]; *Hochberg v City of New York*, 99 AD2d 1028, 1029 [1984], *affd* 63 NY2d 665 [1984]). Concur—Tom, J.P., Andrias, Saxe, Sullivan and Marlow, JJ.