■ NELSON HERRERA, Respondent, v CHARLES A. DUNCAN, Defendant, and CITY OF NEW YORK, Sued Herein as NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL AGENCY, Appellant. [787 NYS2d 88]—

In an action to recover damages for personal injuries, the defendant City of New York, sued herein as New York City Department of Environmental Agency, appeals from an order of the Supreme Court, Queens County (Flug, J.), entered January 29, 2004, which denied its motion to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to serve a timely notice of claim.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

General Municipal Law § 50-e requires timely service of a notice of claim as a condition precedent to an action against a municipal corporation (*see Matter of Conroy v Smithtown Cent. School Dist.*, 3 AD3d 492, 493 [2004]). Here, the plaintiff failed to serve a notice of claim upon either the Corporation Counsel or the Comptroller of the City of New York. Instead, the plaintiff asserted in the Supreme Court that his purported service of a notice of claim upon the New York City Department of Environmental Protection (hereinafter the DEP) was sufficient to meet his statutory obligation. We reject this argument. In any event, there is no proof that the notice of claim was actually served

upon the DEP. Moreover, assuming that the notice was actually served upon the DEP, there is no evidence that it was actually forwarded to and received by the Corporation Counsel or the Comptroller within the time specified by General Municipal Law § 50-e (1) (a). "In the absence of evidence that the purported notice of claim was 'actually received by a proper person' within 90 days of the injured plaintiff's accident, service cannot be found to be valid under General Municipal Law § 50-e [3] [c])" (*Paladino v Commack Union Free School Dist.*, 307 AD2d 284, 285 [2003], quoting General Municipal Law § 50-e [3] [c]).

Since the plaintiff failed to make a timely application for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the City is entitled to dismissal of the complaint insofar as asserted against it (*see Pierson v City of New York*, 56 NY2d 950 [1982]; *Matter of N.M. v Westchester County Health Care Corp.*, 10 AD3d 421 [2004]; *Paladino v Commack Union Free School Dist.*, supra; *Wollins v New York City Bd. of Educ.*, 8 AD3d 30, 31 [2004]; *Hall v City of New York*, 1 AD3d 254, 257 [2003]). Santucci, J.P., H. Miller, Spolzino and Skelos, JJ., concur.