■ WILLIE KING et al., Appellants, v T. JAMES WU et al., Respondents, et al., Defendant. [797 NYS2d 499]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated May 14, 2004, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants T. James Wu, John Kral, New York City Health and Hospitals Corporation, and Kings County Hospital Center for failure to serve a notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff served a notice of claim upon the Comptroller of the City of New York (hereinafter Comptroller), alleging medical malpractice against the defendants New York City Health and Hospitals Corporation (hereinafter HHC) and Kings County Hospital Center (hereinafter Kings County Hospital). After the injured plaintiff and his wife commenced this medical malpractice action, the defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the respondents for failing to serve a notice of claim. The Supreme Court granted that branch of the motion.

Contrary to the plaintiffs' contention, service of the notice of claim upon the Comptroller was insufficient to constitute service upon HHC (*see Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606 [2005]; *Hall v New York City Health & Hosps. Corp.*, 304 AD2d 617 [2003]; *Jones v City of New York*, 300 AD2d 359 [2002]; *Hazell v New York City Health & Hosps. Corp.*, 290 AD2d 533 [2002]; *Stallworth v New York City Health & Hosps. Corp.*, 243 AD2d 704 [1997]). Further, service of a notice of claim was a condition precedent to commencing this action against the defendants T. James Wu and John Kral (hereinafter the defendant doctors) (*see Nuss v McCally*, 276 AD2d 679 [2000]).

Here, neither the injured plaintiff nor the injured plaintiff's wife served the notice of claim upon HHC, Kings County Hospital, or the defendant doctors prior to commencing this action. Accordingly, the defendants established their prima facie entitlement to summary judgment, and the plaintiffs failed to raise a triable issue of fact in opposition. Therefore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the respondents.

The plaintiffs argue for the first time on appeal that service upon the Comptroller constituted valid service upon HHC in accordance with General Municipal Law § 50-e (3) (a), since the Office of the Corporation Counsel of the City of New York (hereinafter the City Law Department), the attorney regularly engaged in representing HHC, timely received the notice of claim. The plaintiffs also argue for the first time on appeal that the savings provision of General Municipal Law § 50-e (3) (c) is applicable herein since the Comptroller's official website indicates, inter alia, that documents received by the Comptroller are directly sent to the Central Imaging Facility, which are converted into electronic images, date and time stamped, scanned, and "automatically route[d] . . . to the in-basket of an employee in the proper business area to be used in conducting his/her work," and that "[t]he City's Law Department has real time access to electronic claim files," and "can now view a claim before it is physically transferred to them" (*see* <http://www.comptroller.nyc.gov/bureaus/bis/oaisis_sec6.shtm>, cached at <http://www.courts.state.ny.us/reporter/webdocs/NYC_Comptroller_IS_sec6.htm> and <http://www.comptroller.nyc.gov/bureaus/bis/oaisis_sec2.shtm>, cached at <http://www.courts.state.ny.us/reporter/webdocs/NYC_Comptroller_IS_sec2.htm>). However, these arguments are not properly before the Court, as they are unpreserved for appellate review

(*see Miller v Village of Wappingers Falls*, 289 AD2d 209, 210 [2001]; *Matter of DelGaudio v Aetna Ins. Co.*, 262 AD2d 641 [1999]).

The plaintiffs' remaining contention is without merit. Schmidt, J.P., Adams, Cozier and S. Miller, JJ., concur.