■ DOLORES YOUNG, Appellant, v A. HOLLY PATTERSON GERIATRIC CENTER et al., Respondents, et al., Defendant. [837 NYS2d 201]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jonas, J.), dated November 21, 2005, which granted those branches of the motion of the defendants A. Holly Patterson Geriatric Center and Nassau County Medical Center which were pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the defendant A. Holly Patterson Geriatric Center and for summary judgment dismissing the complaint insofar as asserted against the defendant Nassau County Medical Center.

Ordered that the order is affirmed, with costs.

It is undisputed that the plaintiff was required to serve a notice of claim upon the defendant A. Holly Patterson Geriatric Center (hereinafter the Center) as a condition precedent to the commencement of her lawsuit (*see* General Municipal Law §§ 50-e, 50-i; *see also Matter of Speed v A. Holly Patterson Extended Care Facility*, 10 AD3d 400 [2004]). Contrary to the plaintiff's contention, her service of a notice of claim upon the County of Nassau did not constitute service of a notice of claim upon the Center which, during the relevant time frame, was owned and operated by the Nassau County Health Care Corporation (*see Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606 [2005]; *King v Wu*, 18 AD3d 716 [2005]; *Hall v New York City Health & Hosps. Corp.*, 304 AD2d 617 [2003]). Accordingly, since the plaintiff did not serve a notice of claim upon the Center

or the Nassau County Health Care Corporation, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the Center (*see Scantlebury v New York City Health & Hosps. Corp., supra; King v Wu, supra; Zoll v Suffolk Regional Off-Track Betting Corp.,* 259 AD2d 696 [1999]).

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Nassau County Medical Center (hereinafter the hospital). In opposition to the hospital's demonstration that it was entitled to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact regarding her contention that the hospital was liable for damages based upon negligence and/or malpractice (*see Sheridan v Bieniewicz,* 7 AD3d 508 [2004]; *Anderson v Lamaute,* 306 AD2d 232 [2003]).

The plaintiff's remaining contention is without merit. Mastro, J.P., Santucci, Skelos and Dickerson, JJ., concur.