■ JEDINA BARNAMAN, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [934 NYS2d 443]—

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against the defendant New York City Health and Hospitals Corporation (hereinafter HHC) (*see* McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2), as added by L 1969, ch 1016, § 1, as amended by L 1990, ch 804, § 122]; General Municipal Law § 50-e [1] [a]; *Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606, 609 [2005]; *Argudo v New York City Health & Hosps. Corp.*, 81 AD3d 575, 576 [2011]; *Wade v New York City Health & Hosps. Corp.*, 59 AD3d 528, 530 [2009]; *Urena v New York City Health & Hosps. Corp.*, 35 AD3d 446, 446 [2006]).

The plaintiff was required to serve a timely notice of claim upon HHC in connection with her action against the defendants Queens Hospital Center and Kenneth A. Nakdimen (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 665 [1976]; *DeNaro v Rosalia*, 59 AD3d 584, 587 [2009]; *W.E. Rest., Inc. v Wilson*, 38 AD3d 762 [2007]; *DeRise v Kreinik*, 10 AD3d 381, 382 [2004]). The plaintiff served a notice of claim upon the Comptroller of the City of New York and upon Queens Hospital Center, a medical facility operated by HHC, within 90 days after her claim accrued. The City of New York and HHC are separate

entities for purposes of a notice of claim (*see Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d at 611; *Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]). Accordingly, service upon the Comptroller of the City of New York was insufficient to constitute service upon HHC, the proper party to be served (*see Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d at 613; *King v Wu*, 18 AD3d 716, 717 [2005]; *Stallworth v New York City Health & Hosps. Corp.*, 243 AD2d 704 [1997]). Furthermore, serving a notice of claim upon Queens Hospital Center did not satisfy the statutory requirements mandating notification to the proper public body or official, in this case a director or officer of HHC or the Corporation Counsel (*see* Uncons Laws § 7401 [2]; General Municipal Law § 50-e [3] [a]; *Viruet v City of New York*, 97 NY2d 171, 176 [2001]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547-548 [1983]; *Bender v New York City Health & Hosps. Corp.*, 38 NY2d at 665; *Camarella v East Irondequoit Cent. School Bd.*, 34 NY2d 139, 142 [1974]; *Chesney v Board of Educ. of Union Free School Dist. No. 5*, 5 NY2d 1007 [1959]; *Munroe v Booth*, 305 NY 426 [1953]).

The plaintiff contends that the savings provision of General Municipal Law § 50-e (3) (c) is applicable here because Queens Hospital Center forwarded the notice of claim to HHC. However, assuming that service was made upon a proper party, General Municipal Law § 50-e (3) (c) provides, in pertinent part, that service shall be valid if "the notice is actually received by a proper person" within 90 days after the claim accrued (*see Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d at 611; *Munroe v Booth*, 305 NY 426 [1953]). The record reveals that the notice of claim was actually received by HHC's Office of Legal Affairs over three months after the 90-day statutory period expired. In the absence of evidence that the notice of claim was actually received by a proper person within 90 days after the claim accrued, service upon HHC cannot be found to be valid under General Municipal Law § 50-e (3) (c) (*see Herrera v Duncan*, 13 AD3d 485, 486 [2004]; *Paladino v Commack Union Free School Dist.*, 307 AD2d 284, 285 [2003]).

Contrary to the plaintiff's contention, the defendants were under no obligation to plead, as an affirmative defense, the plaintiff's failure to comply with the statutory notice of claim requirement (*see Laroc v City of New York*, 46 AD3d 760, 761 [2007]; *Maxwell v City of New York*, 29 AD3d 540, 541 [2006]; *Lynch v New York City Tr. Auth.*, 12 AD3d 644, 646 [2004]). Furthermore, the defendants' participation in pretrial discovery did not preclude them from raising the untimeliness of the no-

tice of claim (*see Laroc v City of New York*, 46 AD3d at 761; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]; *Hall v City of New York*, 1 AD3d 254, 256 [2003]).

Since the plaintiff failed to make a timely application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon HHC, the defendants are entitled to dismissal of the complaint (*see Pierson v City of New York*, 56 NY2d 950 [1982]; *Argudo v New York City Health & Hosps. Corp.*, 81 AD3d at 576-577; *Laroc v City of New York*, 46 AD3d 760 [2007]; *Maxwell v City of New York*, 29 AD3d at 541). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint for failure to serve a timely notice of claim and properly denied the plaintiff's cross motion for leave to serve a late notice of claim and to deem the notice of claim served nunc pro tunc. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.