LORRAINE PLATT, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [964 NYS2d 223]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated March 23, 2012, as granted the plaintiff's motion pursuant to General Municipal Law § 50-e (5) to deem the late notice of claim served upon the defendant, New York City Health and Hospitals Corporation, timely served nunc pro tunc.

Ordered that the appeal by the City of New York is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant New York City Health and Hospitals Corporation, on the law and in the exercise of discretion, with costs, and the plaintiff's motion to deem the late notice of claim served upon the defendant, New York City Health and Hospitals Corporation, timely served nunc pro tunc is denied.

The appeal by the City of New York must be dismissed as abandoned, as the appellant's brief has been submitted only on behalf of the defendant New York City Health and Hospitals Corporation (hereinafter the HHC).

On November 12, 2010, the plaintiff allegedly was injured in a collision between her automobile and an automobile owned by the HHC. On February 11, 2011, the plaintiff served a notice of claim upon the Comptroller of the City of New York (hereinafter the Comptroller). The plaintiff did not serve a notice of claim on the HHC until October 20, 2011. The plaintiff later moved to have the notice of claim deemed timely served. The Supreme Court granted the motion, and the HHC appeals.

Service of a notice of claim upon the HHC within 90 days after accrual of a claim is a condition precedent to commencing an action against HHC (*see* McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2), as added by L 1969, ch 1016, § 1, as amended by L 1990, ch 804, § 122]; General Municipal Law § 50-e [1] [a]; *Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606, 609 [2005]; *Barnaman v New York City Health & Hosps. Corp.*, 90 AD3d 588, 588 [2011]; *Argudo v New York City Health & Hosps. Corp.*, 81 AD3d 575, 576 [2011]). As the Court of Appeals has "long recognized," the City of New York and the HHC are separate entities for purposes of a notice of claim (*Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d at 611; *Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 665-666 [1976]; *Barnaman v New York City Health & Hosps. Corp.*, 90 AD3d at 588-589). Accordingly, the plaintiff's service of a notice of claim upon the Comptroller was insufficient to constitute service upon the HHC (*see Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d at 613; *Barnaman v New York City Health & Hosps. Corp.*, 90 AD3d at 589).

In determining whether to grant an application for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider whether (1) the public corporation or its attorney or insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant made an excusable error concerning the identity of the public corporation against which the claim should be asserted, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see* General Municipal Law § 50-e [5]), and (4) the delay would substantially prejudice the public corporation in its defense on the merits (*see Matter of Mitchell v Town of Greenburgh*, 96

AD3d 852 [2012]; *Matter of Gershanow v Town of Clarkstown,* 88 AD3d 879, 880 [2011]; *Matter of Iacone v Town of Hempstead,* 82 AD3d 888, 888 [2011]).

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion. First, the plaintiff failed to demonstrate that the HHC had actual knowledge of the facts constituting the claim within 90 days after it arose or "within a reasonable time thereafter" (General Municipal Law § 50-e [5]). The fact that a police accident report was prepared by the New York City Police Department did not constitute notice to the HHC of the essential facts constituting the claim (*see Matter of Klass v City of New York,* 103 AD3d 800 [2013]; *State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth.,* 35 AD3d 718, 718 [2006]). In any event, the police report merely indicated that the plaintiff's vehicle was struck as it was pulling out of a parking spot, so it would not have put the HHC on notice of the "facts that underlie the legal theory or theories on which liability is predicated" (*Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138, 148 [2008]).

Moreover, the plaintiff's mistake as to the identity of the public corporation against which her claim should be asserted was not excusable. The plaintiff had information as to the ownership of the HHC's vehicle before her time to serve a timely notice of claim expired (*see Matter of Moore v New York City Hous. Auth.,* 89 AD3d 1088, 1088 [2011]), and it has long been the rule that the City of New York and the HHC are separate entities for purposes of notices of claim (*see Scantlebury v New York City Health & Hosps. Corp.,* 4 NY3d at 611; *cf. Bender v New York City Health & Hosps. Corp.,* 38 NY2d at 668-669). Indeed, even after learning of the identity of the proper defendant, the plaintiff delayed for two months in moving to have her late-served notice of claim against the HHC deemed timely served (*see Matter of Dell'Italia v Long Is. R.R. Corp.,* 31 AD3d 758, 759 [2006]; *Matter of Morris v County of Suffolk,* 88 AD2d 956, 956-957 [1982], *affd* 58 NY2d 767 [1982]; *cf. Matter of Goldberg v County of Suffolk,* 227 AD2d 482, 482 [1996]).

Finally, the plaintiff failed to demonstrate that her delay did not prejudice the HHC in its defense on the merits. The plaintiff did not serve a notice of claim upon the HHC until eight months after the 90-day period expired and then did not move for two more months to have that late notice of claim deemed timely (*see Brandi v City of New York,* 90 AD3d 751, 751 [2011]; *Matter of Hill v New York City Tr. Auth.,* 68 AD3d 866, 867 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d at 152).

In light of all of these factors, none of which is by itself determinative (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147), the plaintiff's motion to deem the late notice of claim served upon the HHC timely served nunc pro tunc should have been denied. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.