■ JOSEPH SILICATO et al., Appellants, v SKANSKA USA CIVIL NORTHEAST INC. et al., Defendants, and NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent. [977 NYS2d 205]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered October 1, 2012, which, to the extent appealed from as limited by the briefs, granted defendant-respondent New York City Department of Environmental Protection's motion to dismiss the complaint as against it for failure to serve the City of New York with a notice of claim pursuant to General Municipal Law § 50-e, and order, same court and Justice, entered June 6, 2013, which, upon granting plaintiffs' motion to renew, adhered to its aforementioned October 1, 2012 determination, unanimously affirmed, without costs.

In this action seeking to recover for personal injuries suffered by plaintiff Joseph Silicato in the course of a construction project, plaintiffs' service of a notice of claim on the law department of a City agency failed to satisfy the requirements of General Municipal Law § 50-e (3) (a). The statute permits service on the "person designated by law as one to whom a summons in an action in the supreme court issued against such corporation may be delivered, or to an attorney regularly engaged in representing such public corporation." The New York City Comptroller and the Corporation Counsel are persons designated to receive service of process (Administrative Code of City of NY § 7-201 [a]; CPLR 311 [a] [2]), and, as a rule, the Corporation Counsel is the "attorney and counsel for the city and every agency thereof and shall have charge and conduct of all the law business of the city and its agencies" (NY City Charter § 394 [a]).

While we have recognized in particular cases that an attorney who is actually representing a public corporation in the very matter in issue may be an appropriate person to receive service of a notice of claim (*Rosenbaum v City of New York*, 24 AD3d 349, 353-354 [1st Dept 2005], *revd on other grounds* 8 NY3d 1 [2006]; *Losada v Liberty Lines Tr.*, 155 AD2d 337 [1st Dept 1989]), in the instant matter involving Labor Law and negligence causes of action, the Corporation Counsel ordinarily represents the City and service on the agency's legal department was therefore ineffective (*see Khela v City of New York*, 91 AD3d 912 [2d Dept 2012]; *Acevedo v City of N.Y. Dept. of Transp.*, 227 AD2d 245 [1st Dept 1996]; *Herrera v Duncan*, 13 AD3d 485 [2d Dept 2004]).

There is no basis for finding estoppel (*Acevedo*, 227 AD2d at 245), and plaintiff did not establish a basis for excusing a defect in service under General Municipal Law § 50-e (3) (c). Concur— Tom, J.P., Friedman, Acosta, Moskowitz and Gische, JJ.