■ YESSENIA D., as Mother and Natural Guardian of FRANKLIN D., an Infant, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Respondent. [29 NYS3d 788]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered March 10, 2015, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff, suing on behalf of her infant son, failed to serve a timely notice of her medical malpractice claim (General Municipal Law § 50-e [1] [a]) and failed to seek leave to file a late notice of claim, pursuant to General Municipal Law § 50-e (5), within the applicable statute of limitations, as tolled due to the injured plaintiff's infancy (CPLR 208). The fact that plaintiff served a late notice of claim before the statute of limitations had expired is of no moment, because she had not obtained leave of the court (see Croce v City of New York, 69 AD3d 488 [1st Dept 2010]).

The record is devoid of evidence of "affirmative wrongdoing" that would support the application of equitable estoppel against defendant (see Walker v New York City Health & Hosps. Corp., 36 AD3d 509, 510 [1st Dept 2007]). Contrary to plaintiff's contention, defendant was under no obligation to notify her before the statute of limitations had expired that her notice of claim was not timely (see Wollins v New York City Bd. of Educ., 8 AD3d 30, 31 [1st Dept 2004]). Defendant's denial of the allegation in the complaint that the notice of claim was timely filed put plaintiff on notice of the issue before the statute of limitations had expired (see e.g. Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 613 [2005]). Nor does the fact that defendant continued litigating the matter for approximately 10 years before moving to dismiss justify the application of estoppel (see Walker, 36 AD3d at 510). Concur—Mazzarelli, J.P., Renwick, Saxe, Gische and Kahn, JJ.