# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**856**
**CA 15-01956**
PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

JANE FIXTER, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

COUNTY OF LIVINGSTON, LIVINGSTON COUNTY PROBATION
DEPARTMENT, LIVINGSTON COUNTY SHERIFF DEPARTMENT,
DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

JANE FIXTER, PLAINTIFF-APPELLANT PRO SE.

WEBSTER SZANYI LLP, BUFFALO (JEREMY COLBY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Livingston County
(Evelyn Frazee, J.), entered March 11, 2015. The order granted the
motion of defendants County of Livingston, Livingston County Probation
Department and Livingston County Sheriff Department to dismiss the
complaint against them and dismissed the complaint against those
defendants.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order granting the pre-
answer motion of the County of Livingston, the Livingston County
Probation Department, and the Livingston County Sheriff Department
(defendants) to dismiss the complaint against them based on
plaintiff's failure to serve a timely notice of claim. In the
complaint, plaintiff sought damages for injuries sustained as a result
of being wrongfully incarcerated following alleged violations of
probation. We reject plaintiff's contention that Supreme Court erred
in granting defendants' motion. Service of a notice of claim within
90 days after the claim arises is a condition precedent to
commencement of a negligence action against a county or its officers,
agents, servants, or employees (*see* County Law § 52 [1]; General
Municipal Law § 50-e [1] [a]; *see generally Davidson v Bronx Mun.
Hosp.*, 64 NY2d 59, 61), but the plaintiff may seek and obtain leave to
serve a late notice of claim (*see* General Municipal Law § 50-e [5]).
Here, plaintiff concedes that she served an untimely notice of claim
without first obtaining leave of the court. We therefore conclude
that the untimely notice of claim was "a nullity, requiring dismissal
of the complaint" (*Wollins v New York City Bd. of Educ.*, 8 AD3d 30,
31; *see Wall v Erie County*, 26 AD3d 753, 753). Contrary to

plaintiff's contention, defendants' failure to reject plaintiff's late notice of claim did not constitute a waiver of the defense of failure to serve a timely notice of claim (*see Wollins*, 8 AD3d at 31; *see generally Wall*, 26 AD3d at 753).