Townsend v City of New York (2019 NY Slip Op 04444)





Townsend v City of New York


2019 NY Slip Op 04444


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-08363
 (Index No. 13392/99)

[*1]Doreen Townsend, appellant, 
v
City of New York, et al., defendants, New York City Health and Hospitals Corporation, Kings County Medical Center, respondent.


Ransford B. McKenzie, Brooklyn, NY, for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Max O. McCann, Alana D. Sisnett, and Anna Wolonciej of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated May 2, 2016. The order granted the motion of the defendant New York City Health and Hospitals Corporation, Kings County Medical Center, pursuant to, inter alia, General Municipal Law § 50-e and CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and denied the plaintiff's cross motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on that defendant, or, alternatively, to deem her notice of claim timely served on that defendant nunc pro tunc.
ORDERED that the order is affirmed, with costs.
On June 22, 1998, the office of the Comptroller of the City of New York (hereinafter the Comptroller) received a notice of claim alleging that the plaintiff was injured on March 23, 1998, as a result of the negligence of the defendant City of New York and the defendant New York City Health and Hospitals Corporation, Kings County Medical Center (hereinafter HHC). Thereafter, without leave of court, the plaintiff served a notice of claim on HHC, which was received by its Office of Legal Affairs on June 21, 1999.
This action was commenced in 1999, and was actively litigated through 2004, before being removed from the calendar thereafter. It was not actively litigated for the next 10 years, but in February of 2015, in an order which was not appealed, the Supreme Court granted the plaintiff's motion to restore the case to the active calendar. In September 2015, HHC moved to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to serve it with a timely notice of claim. The plaintiff cross-moved for leave to serve a late notice of claim or, alternatively, to deem her notice of claim timely served on HHC nunc pro tunc. In the order appealed from, the Supreme Court granted HHC's motion and denied the plaintiff's cross motion.
The City and HHC are separate entities for the purposes of service of a notice of claim (see Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 611; Platt v New York City Health & Hosps. Corp., 105 AD3d 1026, 1027). Accordingly, the plaintiff's previous service of a notice of claim on the Comptroller on June 22, 1998, did not constitute service on HHC (see [*2]Barnaman v New York City Health & Hosps. Corp., 90 AD3d 588, 589). Moreover, the plaintiff's late service of a notice of claim on HHC in June 1999, without leave of court, was a nullity (see Frederick v City of New York, 163 AD3d 776, 777; Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d 996, 997; Rist v Town of Cortlandt, 56 AD3d 451, 452).
Since the plaintiff's cross motion for leave to serve a late notice of claim or, alternatively, to deem her notice of claim timely served on HHC nunc pro tunc was made well beyond the expiration of the one-year-and-90-day statute of limitations, the Supreme Court lacked the authority to grant it (see Chtchannikova v City of New York, 138 AD3d 908, 909; McShane v Town of Hempstead, 66 AD3d 652, 653). Finally, there is no merit to the plaintiff's contention that HHC should be estopped from raising the untimeliness of the notice of claim (see Feliciano v New York City Hous. Auth., 123 AD3d 876, 877-878; Barnaman v New York City Health & Hosps. Corp., 90 AD3d at 589-590; see also Yessenia D. v New York City Health & Hosps. Corp., 139 AD3d 454).
HHC's remaining contention is without merit.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court