Pales v New York City Health & Hosps. Corp. (2023 NY Slip Op 02529)

Pales v New York City Health & Hosps. Corp.

2023 NY Slip Op 02529

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-03364
 (Index No. 523220/16)

[*1]Vitaly Pales, etc., et al., respondents 
v
New York City Health and Hospitals Corporation, et al., appellants, et al., defendants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Lorenzo Di Silvio of counsel), for appellants.
McCarney Law P.C., New York, NY (James G. McCarney of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, etc., the defendants New York City Health and Hospitals Corporation and Coney Island Hospital appeal from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated February 21, 2020. The order, insofar as appealed from, denied those defendants' motion to dismiss the amended complaint insofar as asserted against them for failure to serve a timely notice of claim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2016, Raisa Pales (hereinafter the decedent), and her husband suing derivatively, commenced this action against the defendants New York City Health and Hospitals Corporation and Coney Island Hospital (hereinafter together the hospital defendants), among others, inter alia, to recover damages for medical malpractice after serving a notice of claim on the New York City Comptroller. In 2017, following the decedent's death, Vitaly Pales, as administrator of the decedent's estate, and the decedent's husband (hereinafter together the plaintiffs) served an amended notice of claim on the New York City Comptroller and an amended complaint, among other things, adding causes of action to recover damages for wrongful death. Thereafter, in April 2019, the hospital defendants moved to dismiss the amended complaint insofar as asserted against them on the ground that the plaintiffs failed to serve a timely notice of claim on them. In an order dated February 21, 2020, the Supreme Court, inter alia, denied the hospital defendants' motion on the ground that they were equitably estopped from asserting failure to serve a timely notice of claim as a defense. The hospital defendants appeal.
Generally, timely service of a notice of claim is a condition precedent to commencing an action against a public corporation (see McKinney's Uncons Laws of NY § 7401[2] [New York City Health and Hospitals Corporation Act § 20(2), as added by L 1969, ch 1016, sec 1, § 20, as amended by L 1990, ch 804, § 122]; General Municipal Law § 50-e[1][a]; Watts v City of New York, 186 AD3d 1574, 1575; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902). Where a plaintiff fails to timely serve a notice of claim or to timely move for leave to extend the time to serve a notice of claim (see General Municipal Law § 50-e[5]), the court is without authority to grant the plaintiff [*2]leave absent a finding of equitable estoppel (see Watts v City of New York, 186 AD3d at 1575). "'[E]stoppel against a municipal defendant will lie only when the municipal defendant's conduct was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim and when that conduct was justifiably relied upon by that party'" (Khela v City of New York, 91 AD3d 912, 914, quoting Mohl v Town of Riverhead, 62 AD3d 969, 970 [internal quotation marks omitted]; see Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668; Konner v New York City Tr. Auth., 143 AD3d 774, 776). "'The doctrine of equitable estoppel is to be invoked sparingly and only under exceptional circumstances'" (Sanchez v Jericho S.D., 180 AD3d 828, 830, quoting Ceely v New York City Health & Hosps. Corp., 162 AD2d 492, 493; see Incorporated Vil. of Freeport v Freeport Plaza W., LLC, 206 AD3d 703, 703-704).
Here, the notice of claim and the amended notice of claim served on the New York City Comptroller were not sufficient to constitute the requisite service on the hospital defendants (see Bender v New York City Health & Hosps. Corp., 38 NY2d at 665-666; Watts v City of New York, 186 AD3d at 1575). However, the Supreme Court properly determined that, under the circumstances of this case, the hospital defendants were equitably estopped from raising a defense based on the plaintiffs' failure to serve a timely notice of claim on them. The plaintiffs' evidence submitted in opposition to the hospital defendants' motion demonstrated that the hospital defendants negligently engaged in conduct that misled or discouraged the plaintiffs from serving a timely notice of claim, upon which the plaintiffs justifiably relied (see Bender v New York City Health & Hosps. Corp., 38 NY2d at 668; Singh v Metropolitan Transp. Auth., 153 AD3d 1152; Konner v New York City Tr. Auth., 143 AD3d at 776). Accordingly, the court properly denied the hospital defendants' motion to dismiss the amended complaint insofar as asserted against them for failure to serve a timely notice of claim.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court