McErlean v City of Long Beach (2024 NY Slip Op 04259)

McErlean v City of Long Beach

2024 NY Slip Op 04259

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-05123
 (Index No. 607766/16)

[*1]Paul McErlean, appellant, 
v
City of Long Beach, respondent.

Epstein Legal Services, P.C., New City, NY (Darren Jay Epstein of counsel), for appellant.
Dennis M. Cohen, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), entered June 3, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while using an exercise bar on a boardwalk owned and maintained by the defendant, City of Long Beach. The City moved for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff failed to timely serve the City with a notice of claim pursuant to General Municipal Law § 50-e. In an order entered June 3, 2022, the Supreme Court granted the City's motion. The plaintiff appeals.
The service of a notice of claim within 90 days of the accrual of a claim is a condition precedent to commencing a tort action against a municipality (see id. § 50-e[1][a]; Banschick v City of Long Beach, 219 AD3d 792, 792). A notice of claim not properly served will nonetheless be valid if "the notice is actually received by a proper person" within 90 days after the claim accrued (General Municipal Law § 50-e[3][c]; see Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 611).
Here, it is undisputed that the plaintiff's claim accrued on September 26, 2015, the day of the accident, that the plaintiff failed to serve a notice of claim on the City within 90 days thereof, and that the City did not actually receive a notice of claim until February 2, 2016, approximately 39 days after the 90-day statutory period had expired. The plaintiff's late service of a notice of claim, without leave of court, was a nullity (see W.Z. v New York City Health and Hosps. Corp., 185 AD3d 759, 760; Townsend v City of New York, 173 AD3d 809, 810). Contrary to the plaintiff's contention, since he failed to make an application to deem the notice of claim timely served nunc pro tunc, he was not entitled to that relief (see Barnaman v New York City Health & Hosps. Corp., 90 AD3d 588, 590; Nappi v County of Suffolk, 79 AD3d 990, 991; Herrera v Duncan, 13 AD3d 485, 486). Moreover, the City's participation in pretrial discovery did not preclude it from [*2]raising the untimeliness of the service of the notice of claim (see Watts v City of New York, 186 AD3d 1574, 1577; Barnaman v New York City Health & Hosps. Corp., 90 AD3d at 590). Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reach in light of our determination.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court