## Farrell v New York City Health & Hosps. Corp.

2025 NY Slip Op 30050(U)

January 7, 2025

Supreme Court, Kings County

Docket Number: Index No. 513818/2023

Judge: Consuelo Mallafre Melendez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part MMESP-7 of the Supreme Court of the State of NY, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 7th day of January 2025.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X
JOHN FARRELL and SERILLA WHITE,

      Plaintiffs,

  -against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION A/K/A WOODHULL HOSPITAL,

      Defendants.
-------------------------------------------------------------------------X

**DECISION & ORDER**

Index No. 513818/2023
Mo. Seq. 1, 2, & 3

**HON. CONSUELO MALLAFRE MELENDEZ, J.S.C**.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:

NYSCEF #s: Seq. 1: 4 – 5, 6 – 8
             Seq. 2: 12 – 13, 14 – 16, 18, 24 – 25
             Seq. 3: 19 – 20, 21 – 23, 26 – 27

Plaintiffs move (Seq. No. 1) for an Order, pursuant to CPLR 3215, directing a default judgment against Defendant New York City Health and Hospitals Corporation ("NYCHHC"), also s/h/a Woodhull Hospital.

Defendant NYCHHC opposes the motion and cross moves (Seq. No. 2) for an Order, pursuant to CPLR 3211 (a) (8), dismissing the Complaint for failure to obtain personal jurisdiction, or in the alternative, pursuant to CPLR 3211 (a) (7), dismissing the Complaint for failure to comply with the notice of claim requirements of Unconsolidated Law § 7401 and Gen. Mun. Law § 50-e.

Plaintiffs additionally cross move (Seq. No. 3) for an Order granting leave to serve a late notice of claim, permitting an extension of time to properly serve the Complaint, granting leave to serve an Amended Complaint, and/or deeming the notice of claim and the Complaint timely served nunc pro tunc.

1

[* 1]

This action involves allegations of medical malpractice for treatment rendered at Woodhull Hospital between January 16 and January 25, 2022[1]. A personal injury claim form was electronically filed with the Office of the New York City Comptroller on March 10, 2022.

The statute of limitations for Plaintiffs' causes of action against NYCHHC is one year and 90 days (*see* Gen. Mun. Law § 50-i). This period expired on April 25, 2023, or – viewing the claims most generously as running from his March 2022 hospitalization – June 1, 2023 at latest.

The instant action was commenced on May 9, 2023 by the filing of a Summons and Complaint. On or about May 12, 2023, the Summons and Complaint were purportedly served on "Maggie Chavilre (Risk Management)" at 760 Broadway, Brooklyn, New York 11206, the address for Woodhull Hospital.

Plaintiffs' motion for default judgment was filed on June 10, 2024. The Notice of Motion, along with a copy of the Summons and Complaint, were purportedly served on "Ana Santiago (Risk Management)" at 760 Broadway, Brooklyn, New York 11206, the address for Woodhull Hospital.

With respect to the Summons and Complaint, service at the Woodhull Hospital address was improper, as NYCHHC's individual hospitals are "jurisdictional non-entit[ies]" (*Washington v. Brookdale Hosp.*, 126 AD2d 719, 719 [2d Dept 1987]). Pursuant to CPLR 311 (a) (1), service on a public corporation must be effectuated by personal delivery to an agent authorized or appointed by law to receive service. As NYCHHC notes in their opposition and cross motion, the proper service of process address (50 Water Street, 17th Floor) is available by website, as well as a designated email address for electronic service of process. NYCHHC also asserts in their opposition that the notice of default – similarly served at Woodhull Hospital – was never received by an actual authorized agent, and they first became aware of this action when it appeared on this Court's calendar for oral argument.

Plaintiffs cite no legal authority that an improperly served party who was not authorized to accept service on behalf of NYCHHC, i.e., the employee at Woodhull Hospital, has a duty to reject the Summons and Complaint (*see generally Teitelbaum v N. Shore-Long Is. Jewish Health Sys., Inc.,* 160 AD3d 1009, 1011 [2d Dept 2018];

---

[1] Plaintiff John Farrell was subsequently hospitalized at another NYCHHC facility until March 3, 2022.

2

[* 2]

*Sottile v Islandia Home for Adults,* 278 AD2d 482 [2d Dept 2000]; *Dewey v Hillcrest General Hosp.,* 201 AD2d 609, 609-610 [2d Dept 1994]).

Since Plaintiffs failed to effectuate service of the Summons and Complaint on NYCHHC, personal jurisdiction has not been obtained over NYCHHC. Consequently, the default judgment motion must be denied. Further, upon NYCHHC's cross motion, the Complaint must be dismissed pursuant to CPLR 3211 (a) (8) due to Plaintiffs' failure to obtain personal jurisdiction over NYCHHC.

Defendant also cross moves to dismiss Plaintiffs' Complaint for failure to serve a notice of claim as mandated by Unconsolidated Law § 7401 (2) and Gen. Mun. Law § 50-e (1) (a). Plaintiffs were required by statute to serve a notice of claim upon NYCHHC within 90 days of accrual of the claim, and failure to do so is grounds for dismissal (*see Barnaman v. New York City Health and Hosps. Corp.*, 90 AD3d 588 [2d Dept. 2011]; *DeNaro v. Rosalia*, 59 AD3d 584, 587 [2d Dept 2009]; *DeRise v. Kreinik*, 10 AD3d 381, 382 [2d Dept. 2004]).

The notice of claim requirement is intended to provide municipal corporations with "adequate opportunity . . . to explore the merits of the claim while information is still readily available" without "frustrat[ing] the rights of individuals with legitimate claims" (*Teresta v City of New York,* 304 NY 440 [1952]; *Ramos v New York City Housing Authority,* 162 AD3d 884, 885 [2d Dept 2018]). While protections to correct or waive defects in the notice of claim are built into the statute, the *manner of service* may only be deemed valid if notice was received by the proper party/entity (*see Barnaman,* at 589). Late notice may be permitted only with leave of the court, and the time to seek that relief can never be extended beyond the statute of limitations.

Here, the plaintiffs attempted to serve a notice of claim upon the Comptroller of the City of New York. The City of New York and NYCHHC are separate entities for purposes of a notice of claim, and it is well established that such service on the Comptroller does not constitute proper service on NYCHHC (*see Scantlebury v. New York City Health & Hosps. Corp.*, 4 NY3d 606, 611 [2005]; *Barnaman,* at 588; *King v. Wu*, 18 AD3d 716, 717 [2d Dept 2005]). Plaintiffs concede in their opposition/cross motion papers that this was an "error" and NYCHHC was not served the notice of claim.

3

[* 3]

As noted above, the statute of limitations for Plaintiffs' medical malpractice and other derivative claims (one year and 90 days) has expired. The Court therefore lacks any discretion to grant the branch of Plaintiffs' cross motion seeking leave to serve a late notice of claim (Gen. Mun. Law § 50-e [5] ["The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation"]).

Even had the request to serve a late notice of claim been timely, "the court must consider all relevant facts and circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (*Destine v City of New York,* 111 AD3d 629 [2d Dept 2013]). The existence of hospital records alone does not constitute knowledge that an injury occurred due to malpractice (*see Wally G. ex rel. Yoselin T. v New York City Health and Hosps. Corp.,* 27 NY3d 672, 677 [2016]), nor was knowledge acquired by the e-filed notice of claim on the incorrect City of New York entity.

Plaintiffs also do not provide any excuse for the delay in seeking this relief over two years after the 90-day claim period *and* an additional four months after Defendant filed their motion to dismiss, which established the notice of claim was defective. The Second Department has rejected the argument that "ignorance of the law" or mistakenly believing the correct entity was served is a reasonable excuse, especially when there was a further unexplained lapse of time after the plaintiffs became aware of their mistake (*see Destine,* at 629; *Platt v New York City Health & Hosps. Corp.,* 105 AD3d 1026, 1028 [2d Dept 2013]). For all these reasons, the branch of Plaintiffs' cross motion seeking to serve a late notice of claim on NYCHHC or deem it served nunc pro tunc is denied, and Defendant's motion to dismiss for non-compliance with Gen. Mun. Law § 50-e is granted.

In their cross motion, Plaintiffs also seek to "properly serve an amended summons and complaint" upon NYCHHC or allow late service pursuant to CPLR 306-b. An extension of time to serve a defendant more than 120 days after commencing the action requires a showing of good cause ("reasonable diligence in attempting service") or may be granted by the court in the interest of justice, considering factors including "the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension

4

[* 4]

of time, and prejudice to the defendant" (*Wells Fargo Bank, N.A., v Fameux,* 201 AD3d 1012, 1014 [2d Dept 2022], quoting *Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]). Plaintiffs' erroneous assumption that an agent of NYCHHC was properly served at Woodhull Hospital, despite publicly available information on the corporation's service procedures, does not show reasonable diligence. There is also no adequate showing that the length of delay is excusable or that they promptly requested to serve the Summons and Complaint on the correct entity. Further, this extension of time to properly serve the Complaint is moot because the notice of claim issue is already fatal to the action, so there is no "meritorious nature of the cause of action" to consider.

In the alternative, Plaintiffs seek permission to serve a new "Amended Complaint," but this proposed amendment is palpably insufficient (*see* CPLR 3025 [b]). The sole change to the Complaint is the inclusion of prerequisite language stating that "a Notice of Claim was served upon NYCHHC and that at least thirty days have elapsed since service of the Notice of Claim," which is contradicted by the record herein. "[I]nasmuch as the plaintiff may not maintain causes of action for which he failed to serve a timely notice of claim, the repleading of those causes of action, the amendment of the complaint with respect to them, or the addition of new claims similarly barred by the failure to timely serve a notice of claim, would be palpably insufficient" (*Boakye-Yiadom v Roosevelt Union Free School Dist.,* 57 AD3d 929 [2d Dept 2008] [internal citations omitted]).

Lastly, Plaintiffs argue that Defendant NYCHHC should be equitably estopped from seeking dismissal. In rare cases, courts have applied to doctrine of equitable estoppel to allow service of a late notice of claim, even beyond the limitations period (*see Pales v New York City Health & Hosps. Corp.,* 216 AD3d 807 [2d Dept 2023]; *compare Watts v City of New York,* 186 AD3d 1574 [2d Dept 2020]). However, this doctrine "should be invoked against governmental entities sparingly and only under exceptional circumstances" (*Konner v New York City Tr. Auth.,* 143 AD3d 774 [2d Dept 2016]). It is appropriate where the defendant "wrongfully or negligently engaged in conduct that misled the plaintiff to justifiably believe that service of the notice of claim [on defendant] was of no consequence and lulled [plaintiff] into sleeping on her rights to her detriment."

In *Pales v New York City Health & Hosps. Corp.* (216 AD3d 807), the Second Department affirmed the Supreme Court's decision to apply equitable estoppel where a notice of claim was mistakenly filed with the

5

[* 5]

Comptroller before commencement of the action. After the action was commenced, Defendant NYCHHC appeared without asserting any notice of claim defenses in their Answer or Amended Answer, scheduled and held a 50-h hearing, appeared at multiple discovery conferences, and exchanged over a dozen discovery demands, authorizations, and a thousand pages of medical records with the plaintiff. Although engaging in some pretrial discovery does not preclude a notice of claim defense (*see Watts,* 186 AD3d 1574), the court found in reviewing all the circumstances of *Pales* that NYCHHC had actively and extensively participated in discovery and litigation for over two years, then raised the Gen. Mun. Law § 50-e issue for the first time by motion after the limitations period had run. This sufficiently "demonstrated that the hospital defendants negligently engaged in conduct that misled or discouraged the plaintiffs from serving a timely notice of claim, upon which the plaintiffs justifiably relied" (*Pales,* at 808).

In contrast, Plaintiffs herein have not shown that NYCHHC engaged in similarly misleading conduct, intentionally or negligently, or that Plaintiffs justifiably relied on NYCHHC's acts or omissions to their detriment (*see Watts v City of New York,* at 1576-1577). Plaintiffs argue that they relied on an assumption of proper service solely because there was no "rejection" of their pleadings or notice of claim by the Woodhull Hospital employees or the Comptroller's office. This Court finds this is inadequate to show misleading conduct warranting equitable estoppel. Unlike in *Pales,* NYCHHC never joined this action, acknowledged receipt of the notice of claim, conducted a 50-h hearing, or engaged in extensive discovery proceedings which "lulled" the plaintiffs into believing the timeliness and manner of service of the notice of claim was proper until it was too late. In fact, NYCHHC did not file an Answer or make any appearance in this action, which eventually prompted Plaintiffs to seek a default judgment. After a brief adjournment of that default motion, the instant cross motion to dismiss based on the lack of personal jurisdiction and notice of claim was filed in response. It cannot be said that NYCHHC did not promptly assert these defenses or that it was their conduct which misled or discouraged Plaintiffs from proper and timely service of the notice of clam. Therefore, this Court holds that equitable estoppel is not an appropriate bar to dismissal of this action.

6

Accordingly, it is hereby:

**ORDERED** that Plaintiffs' motion (Seq. No. 1) for an Order, pursuant to CPLR 3215, granting a default judgment against NYCHHC, is **DENIED;** and it is further

**ORDERED** that Defendant NYCHHC's cross motion (Seq. No. 2) for an Order, pursuant to CPLR 3211 (a) (7) and (a) (8), to dismiss the Complaint is **GRANTED** and the case is **DISMISSED**; and it is further

**ORDERED** that Plaintiffs' cross motion (Seq. No. 3) for an Order, pursuant to Gen. Mun. Law § 50-e and CPLR 306-b, to deem the notice of claim and Complaint timely and properly served nunc pro tunc, to permit service of a late notice of claim, or to permit service of an Amended Complaint, is **DENIED.**

The Clerk shall enter judgment in favor of NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, also sued herein as WOODHULL HOSPITAL.

This constitutes the decision and order of this Court.

**ENTER.**

_____

**Hon. Consuelo Mallafre Melendez**

**J.S.C.**

7