Cassidy v New York City Tr. Auth. (2025 NY Slip Op 02849)

Cassidy v New York City Tr. Auth.

2025 NY Slip Op 02849

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 160320/22|Appeal No. 4324-4325|Case No. 2024-03392, 2024-04807|

[*1]David Cassidy, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), and Brown Rudnick LLP, New York (Lauren Tabaksblat of counsel), for appellant.
Anna J. Ervolina, MTA Law Dept, Brooklyn (Theresa Frame of counsel), for respondents.

Amended order, Supreme Court, New York County (Denise M. Dominguez, J.), entered April 17, 2024, which denied plaintiff's motion for leave to serve a late notice of claim, and order, same court and Justice, entered July 7, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to renew, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff leave to serve a late notice of claim because plaintiff failed to submit any evidence establishing that defendants acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim, or within a reasonable time thereafter (General Municipal Law § 50-e [5]). Plaintiff's allegation that defendants investigated the accident and therefore must have acquired the requisite knowledge of the essential facts is unpersuasive, because "the alleged existence of records does not suffice to establish actual knowledge" (Matter of Jaime v City of New York, 41 NY3d 531, 543 [2024]). That plaintiff served an untimely notice of claim on defendants five days after the 90-day statutory time period expired did not establish that defendants had actual knowledge of his claims because "[t]his late service, without leave of court, was a nullity" (Bobko v City of New York, 100 AD3d 439, 440 [1st Dept 2012]). Furthermore, that notice did not make any connection between the incident and any negligence on the part of defendants (see Alexander v New York City Tr. Auth., 200 AD3d 509, 510 [1st Dept 2021]).
Insofar as plaintiff argued that defendants would not be substantially prejudiced by the late filing because they acquired timely actual knowledge, plaintiff's failure to establish actual knowledge is fatal (see Matter of Jaime, 41 NY3d at 543-544). Because plaintiff failed to meet his initial burden of demonstrating the absence of substantial prejudice, defendants were not required to make a particularized evidentiary showing of prejudice (see Alexander, 200 AD3d at 510).
Further, plaintiff's "excuse of law office failure is not a reasonable excuse for failing to timely serve a notice of claim" (see Colarossi v City of New York, 118 AD3d 612, 612 [1st Dept 2014]).
Supreme Court properly denied plaintiff's motion to renew because the motion was made after the one-year-and-90-day limitations period had expired and the court therefore lacked discretion to grant leave to file a late notice of claim (see Fornabaio v City of New York, 41 AD3d 125, 125 [1st Dept 2007]). Nor may an untimely motion be deemed to relate back to the date when the originally timely motion was made (see id.). Finally, the record is devoid of evidence of "affirmative wrongdoing" by defendants that would support the application of equitable estoppel against them (see Yessenia D. v New York City Health & Hosps. Corp., 139 AD3d 454, 454 [1st Dept 2016]).
We have considered plaintiff's remaining contentions and find them unavailing[*2].
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025