(May 5, 2005)

■. BRIAN HARDISON, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Appellants. [794 NYS2d 365]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered September 18, 2003, which, in an action for medical malpractice, inter alia, granted plaintiff's motion to serve a late notice of claim on defendant New York City Health and Hospitals Corporation, unanimously affirmed, without costs.

Contrary to defendant's claim that plaintiff's cause of action accrued on January 31, 2001, when he was discharged from Bellevue Hospital after his eye surgery, there is no question that

plaintiff was continuously treated at Bellevue after his discharge at least until September 4, 2001, during which time he returned every few weeks for a total of eight follow-up visits, as evidenced by Medicaid and the hospital's own billing records (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]). Thereafter, starting on December 13, 2001, he made five visits to New York Eye and Ear Hospital, seeking a second opinion, before returning to Bellevue on July 9, 2002. Aside from prescribing some eye drops, there is no proof that New York Eye and Ear ever actually treated plaintiff. Thus, the motion court properly exercised its discretion and found that plaintiff's visits to New York Eye and Ear were not an interruption of his treatment by Bellevue and, assuming arguendo that they were, that his January 31, 2003 motion to deem his notice of claim timely served nunc pro tunc as of July 22, 2002 was made within the statute of limitations. Defendants, which have been in possession of plaintiff's medical records since before the alleged malpractice, also fail to show any prejudice attributable to the delay (*see Matter of McMillan v City of New York*, 279 AD2d 280 [2001]). Concur—Buckley, P.J., Mazzarelli, Andrias, Williams and Sweeny, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on October 28, 2004 (11 AD3d 403 [2004]) is hereby recalled and vacated and a new decision and order substituted therefor.