JOHN KELLOGG, as Administrator of the Estate of JUNIUS KELLOGG, Deceased, Respondent-Appellant, v OFFICE OF THE CHIEF MEDICAL EXAMINER OF THE CITY OF NEW YORK et al., Appellants-Respondents. [806 NYS2d 528]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered October 5, 2004, insofar as it deemed the "prayer for relief" in plaintiff's notice of claim an "application" for leave to file a late notice of claim nunc pro tunc and granted such leave, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Decedent Junius Kellogg, a Harlem Globetrotter and former star center on the Manhattan College basketball team, was rendered a quadriplegic in a car accident in Arkansas in 1954. Thereafter, he was confined to a wheelchair. Subsequently,

Kellogg was a patient at Bronx Veterans Hospital on several occasions, with admissions in 1987, 1992, 1997 and 1998.

Kellogg's 1998 admission to the hospital occurred on May 8, at which time he was suffering from a blood clotting problem in his left arm. On August 28, 1998, almost four months after his admission, Kellogg was transferred to the intensive care unit. Later that day, he went into acute respiratory distress syndrome and was intubated. He gradually experienced multiple organ failure and on September 16, 1998, Kellogg, with his family's agreement, requested extubation. He died several hours later at 6:19 P.M.

At 8:17 P.M., the hospital reported the death to defendant Office of the Chief Medical Examiner (OCME). The notice of death form revealed that the hospital had reported that the circumstances of death were unknown but that Kellogg had been involved in a motor vehicle accident 40 years before and was a quadriplegic. It noted that the family had been notified of the death; the section titled "Autopsy Objection" was blank.

Plaintiff testified that after his brother's death, he inquired at the hospital as to what "the next step" was and was informed by the doctor in charge of the intensive care unit that the body would be taken to the morgue where it would remain until the funeral home picked it up. The next morning plaintiff learned that the funeral home was unable to pick up decedent's body from the hospital. He also learned that the body had been taken to defendant OCME for an autopsy. Plaintiff had not authorized an autopsy. The family intended for the wake or funeral mass to take place on a Friday but because of the autopsy the viewing and service could not take place until Saturday.

About nine months later, on or about June 25, 1999, plaintiff served defendants with a notice of claim. The notice was served six months after the 90-day period to file had expired and plaintiff did not seek leave from the court to file a late notice. Plaintiff subsequently commenced the instant action by service of a summons and complaint dated September 21, 1999. The complaint asserted claims for wrongful autopsy and discrimination based on Kellogg's disability.

Plaintiff conceded that the notice of claim was untimely and alleged that the delay in service was because plaintiff was not appointed as the administrator of his brother's estate until June 18, 1999. In the "prayer for relief" or wherefore clause, plaintiff made a "demand that the notice of claim served in this matter be deemed timely filed nunc pro tunc."

In 2001, defendants moved pursuant to CPLR 3211 to dismiss both causes of action or for summary judgment dismissing the complaint.

With regard to the late notice of claim, defendants argued that plaintiff was required to file the notice of claim within 90 days of the date the wrongful autopsy claim arose. They also argued that because plaintiff failed to make an application for leave to serve a late notice of claim within one year and 90 days from the date the claim arose, such relief could no longer be granted.

The court correctly held that a cause of action for wrongful autopsy does not require the appointment of a representative since it properly belongs to the individual survivors, thus the notice of claim was required to be filed by decedent's next of kin within 90 days following the autopsy. However, it granted plaintiff's "application" to file a late notice of claim and deemed it timely filed nunc pro tunc. Noting that General Municipal Law § 50-e (5) provides that "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim," the court engaged in a lengthy discussion regarding the meaning of the word application. In holding that plaintiff's request qualified as an "application" within the meaning of the General Municipal Law, the court stated that "[t]he commencement of action in itself constitutes an 'application,' and under the facts presented here, the request for relief in the complaint asked that the court grant plaintiff permission to file a late notice of claim. Under these unusual circumstances, the prayer for relief in the complaint appears to qualify as an 'application' within the meaning of GML 50-e."

The court also cited to our decision, *Slate v Schiavone Constr. Co.* (10 AD3d 1 [2004]), in which we provided relief to an appellant who had failed to cross-move for relief pursuant to CPLR 306-b. The court stated that, in the instant case, "the same policy considerations are at issue, i.e., that in exalting form over substance, a plaintiff will be deprived of an opportunity to seek redress for alleged wrongful conduct." However, the court's reliance on *Slate* is unfortunate since the decision was later reversed (*Slate v Schiavone Constr. Co.*, 4 NY3d 816 [2005]).

Ultimately, the motion court held that plaintiff had made a sufficient showing to warrant late service of the notice of claim. It found that plaintiff had demonstrated a reasonable excuse for the delay in serving a notice of claim, "in view of the complicated legal context surrounding the present cause of action."

Defendants argue that the court erred in deeming plaintiff's notice of claim timely filed nunc pro tunc since he merely demanded that it be deemed so in the "wherefore" clause of his complaint and did not make a proper application. They maintain that General Municipal Law § 50-e (7) requires that an "ap-

plication" for leave to file a late notice of claim be made via a motion in the plenary action or a petition in a special proceeding. Defendants also argue that the purpose of General Municipal Law § 50-e would be thwarted if a prayer for relief is allowed to substitute for a proper application for leave to file a late notice of claim. They note that in the instant matter, although the complaint was timely filed within the one-year-and-90-day statute of limitations period, no judicial action on the notice of claim issue was taken until the court heard the City's cross motion for summary judgment in 2003, five years after the cause of action accrued. They maintain a court ruling allowing a "prayer for relief" to substitute for a proper "application" for leave to file a late notice of claim will have a far-reaching, devastating impact since plaintiffs who fail to timely file will simply serve a complaint demanding nunc pro tunc relief. They maintain that this will render the notice of claim statute "a complete nullity."

We agree and reverse the motion court's order deeming the prayer for relief an application for leave to file a late notice of claim nunc pro tunc and granting such leave.

Contrary to the motion court's holding, a complaint is not an application. A review of the legislative history of General Municipal Law § 50-e dating back to 1959 reveals that while the Legislature wished to "introduce a degree of flexibility" into this area, its intent was to do so "without subverting the basic purposes of the notice of claim provisions" (1976 NY Legis Ann, at 9). One of those purposes is identified as "providing municipalities with an opportunity to make a prompt investigation of the circumstances of the claim while the facts are readily available" (1959 NY Legis Ann, at 173). Clearly, this purpose would be subverted if a plaintiff's complaint were permissibly deemed an application for late notice of claim. Permitting the complaint to serve such a function would ultimately result in a municipality not knowing whether the claim would go forward until several years after filing. There is simply no mechanism in the CPLR for entertaining a request to file a late notice of claim independent of motion seeking such relief. In the instant matter, the motions for summary judgment were heard in 2003, five years after the cause of action accrued. To expect the City to investigate and prepare for cases when it may not have a decision from the court as to whether the notice of claim will be deemed timely filed would greatly prejudice it, wasting its resources and taxpayers' money.

Even assuming, arguendo, a reasonable excuse for the delay, permitting plaintiffs to request in their complaints that their

late notices of claim be deemed timely filed would completely negate the purpose of the statute and the Legislature's intent, which was to give the City prompt notice so as to afford it the opportunity to conduct a timely investigation.

Nor can plaintiff, at this juncture, make a motion to have his notice deemed timely filed. This Court has previously held that the court " 'lack[s] the discretion to excuse plaintiffs' late service of their notice of claim since their motion for such relief was not made until after the . . . Statute of Limitations had run, and it makes no difference that plaintiffs, without court leave, had served the notice of claim within the limitations period' " (*Hall v City of New York*, 1 AD3d 254, 256 [2003], quoting *Armstrong v New York Convention Ctr. Operating Corp.*, 203 AD2d 170, 170-171 [1994]; *see also Pierson v City of New York*, 56 NY2d 950, 954-955 [1982] ["(t)o permit a court to grant an extension after the Statute of Limitations has run would, in practical effect, allow the court to grant an extension which exceeds the Statute of Limitations, thus rendering meaningless that portion of section 50-e which expressly prohibits the court from doing so"]).

In granting plaintiff's request, made improperly in his complaint, and not decided until five years after the cause of action accrued, the motion court was, in effect, extending the statute of limitations.

Accordingly, we find that plaintiff failed to timely file a notice of claim and failed to make a proper application to deem the late notice of claim timely filed, and thus the complaint is dismissed. Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.