■ MARIA ARGUDO et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [916 NYS2d 143]—

In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated July 13, 2010, as granted that branch of the defendants' motion which was to dismiss the complaint for the plaintiffs' failure to serve a timely notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against the defendant New York City Health and Hospitals Corporation (hereinafter the NYCHHC) (*see* McKinney's Uncons Laws of NY § 7401 [2] [L 1969, ch 1016, sec 1, § 20 (2), as amended by L 1990, ch 804, § 122]; General Municipal Law § 50-e [1] [a]; *Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606, 609 [2005]; *Wade v New York City Health & Hosps. Corp.*, 59 AD3d 528, 530 [2009]; *Urena v New York City Health & Hosps. Corp.*, 35 AD3d 446 [2006]; *Maxwell v City of New York*, 29 AD3d 540, 541 [2006]).

Here, it is undisputed that the plaintiffs did not serve a notice of claim within 90 days after accrual of their claims. In September 2007 the plaintiffs moved for leave to serve a late notice of claim. They did not request the court to deem the notice of claim served nunc pro tunc. By order dated October 22, 2007, the Supreme Court granted that motion, and unequivocally directed the plaintiffs to serve a notice of claim on the NYCHHC within 30 days from the date of entry of that order. However, the plaintiffs never served the NYCHHC with a notice of claim. Contrary to the plaintiffs' contention, the proposed notice of claim which was attached as an exhibit to their petition for leave to serve a late notice of claim did not satisfy the condition precedent. Not only was this merely an exhibit to the petition, which was required by General Municipal Law § 50-e (7), but, even if the exhibit was deemed to be a notice of claim served on the NYCHHC, at the time it was served, the proposed notice of claim constituted only a late notice of claim served without leave of court, and, thus, it was a nullity (*see McShane v Town of Hempstead*, 66 AD3d 652, 653 [2009]; *Shahid v City of New York*, 50 AD3d 770 [2008]; *Angulo v City of New York*, 48 AD3d 603, 604 [2008]). Moreover, at the time the defendants moved to dismiss the complaint for the plaintiffs' failure to serve a timely notice of claim, more than one year and 90 days had elapsed since the plaintiffs' claims accrued. Thus, the Supreme Court

lacked authority to again grant leave to serve a late notice of claim or to deem the notice of claim served nunc pro tunc (*see McShane v Town of Hempstead*, 66 AD3d at 653; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]; *see also Pierson v City of New York*, 56 NY2d 950, 954 [1982]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint for the plaintiffs' failure to serve a timely notice of claim. Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.