(February 7, 2017)

■ Tawna Hill, Appellant, v New York City Health and Hospitals Corporation, Respondent. [47 NYS3d 267]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered August 6, 2015, which, in an action for medical malpractice, granted defendant's motion to dismiss the complaint, reversed, on the law, without costs, and the motion denied.

Plaintiff was an inpatient at Lincoln Medical and Mental Health Center (Lincoln Hospital) between August 26 and September 30, 2005. On September 17, 2005, after suffering complications from treatment of an incarcerated hernia, plaintiff underwent amputation of her left leg above the knee. Plaintiff ultimately commenced this action, alleging that Lincoln Hospital's staff had committed medical malpractice and that defendant New York City Health and Hospitals Corporation (HHC), which owns Lincoln Hospital, was responsible for her injuries.

On January 25, 2006, plaintiff served a notice of claim on defendant HHC. At the General Municipal Law § 50-h hearing in June 2006, plaintiff testified that while her last actual medical treatment at Lincoln Hospital occurred on October 19, 2005, when hospital personnel removed the sutures from her leg, she received a follow-up appointment to return to Lincoln Hospital on October 24, 2005. Plaintiff stated that she arrived at Lincoln Hospital for treatment on that date, but was informed that the staff could not locate her medical records and that she should return to the Hospital in one week, on October 31, 2005. Plaintiff testified that she did, in fact, return on October 31, only to have the staff inform her that they did not accept her insurance and that she should seek treatment elsewhere.

On July 26, 2006, plaintiff moved for an order deeming the notice of claim timely served on the basis of the continuous treatment doctrine, or, in the alternative, for leave to serve a late notice of claim nunc pro tunc. Specifically, plaintiff argued, her last treatment date was October 31, 2005 and thus, she had timely served her notice of claim on January 25, 2006.

By order dated September 14, 2006, the IAS court granted the application to deem timely the notice of claim "if it is eventually determined that the court had jurisdiction to entertain the application." In so doing, the IAS court directed plaintiff to serve on HHC a copy of the January 25, 2006 notice of claim "in the manner prescribed by law." On July 25, 2007, plaintiff did, in fact, serve the notice of claim on HHC.

HHC then moved to dismiss the complaint. On the motion, HHC asserted that in the September 14 order, the IAS court had held that plaintiff's motion would be granted only if her medical records showed that the continuous treatment doctrine applied. Thus, HHC concluded, plaintiff's original January 25, 2006 notice of claim was untimely because there was no continuous treatment after October 19, 2005.

The IAS court granted defendant's motion and dismissed the complaint. In so doing, the court found that plaintiff's last date of medical treatment occurred on October 19, 2005, and therefore, plaintiff was required to file the notice of claim no later than January 17, 2007, one year and 90 days past the accrual date, the date by which the action had to be filed. Therefore, the court found that the notice of claim was untimely and a nullity. We now reverse.

As noted above, plaintiff's 50-h hearing testimony and her affidavit in support of the motion to deem the notice of claim timely served each state that plaintiff was still in a relationship of care or treatment with Lincoln Hospital until October 31, 2005 because both she and the Hospital expected the Hospital healthcare providers to continue to care for plaintiff's residual limb (see Richardson v Orentreich, 64 NY2d 896, 899 [1985] ["where the physician and patient reasonably intend the patient's uninterrupted reliance upon the physician's observation . . . and responsibility for overseeing the patient's progress, the requirement for continuous care and treatment for the purpose of the (s)tatute of (l)imitations is certainly satisfied"]; cf. Allende v New York City Health & Hosps. Corp., 90 NY2d 333, 339 [1997] [continuous treatment rule did not apply where plaintiff had no intention of returning to defendant hospital for treatment]). If plaintiff was, in fact, considered to be under treatment until that date, that treatment would

render timely the notice of claim that she served on January 25, 2006. Although through no fault of her own, plaintiff apparently was not examined at the October 24 or October 31 appointments, we can reasonably conclude that the doctor-patient relationship continued past October 19, 2005. Specifically, the record suggests that plaintiff and her doctors explicitly anticipated that she would receive further treatment for her leg, thus giving her until one year and 90 days from October 31, 2005—the last day that plaintiff returned for an appointment at the Hospital—to serve a notice of claim (see *Harris v Dizon*, 60 AD3d 495 [1st Dept 2009]).

HHC failed to come forward with any evidence to support its motion to dismiss. On the motion, HHC, offered a printout of a so-called "MPI inquiry," which, according to the supporting affirmation of defendant's counsel, is "a printout of information maintained by [the Hospital's] Patient Accounts." According to counsel's affirmation, the printout purportedly represents the dates of plaintiff's visits to the Hospital.

But the MPI inquiry does not support HHC's motion. First of all, the MPI inquiry is neither certified nor authenticated. Rather, the document is accompanied only by counsel's affirmation, and thus lacks probative value (see *Verette v Zia*, 44 AD3d 747, 748 [2d Dept 2007]). Additionally, because no one with knowledge has authenticated or explained the document, it is not altogether clear from the face of the MPI inquiry what information that document contains.* What is clear, however, is that the MPI inquiry does not constitute a medical record and does not give any accessible information about patient treatment.

At any rate, even assuming that the MPI inquiry does purport to show the dates of plaintiff's treatment at Lincoln Hospital, it still would not be relevant, as plaintiff does not claim that she was actually treated on those dates. On the

---

* According to Wikipedia (https://en.wikipedia.org/wiki/Enterprise_master_patient_index, accessed on December 14, 2016), an "enterprise master patient index" (which is often used synonymously with "master patient index," or MPI), is a "database that is used across a healthcare organization to maintain consistent, accurate and current demographic and essential medical data on the patients seen and managed within its various departments." Further, "the essential patient data includes name, gender, date of birth, race and ethnicity, social security number, current address and contact information, insurance information, current diagnoses, most recent date of hospital admission and discharge (if applicable), etc." (*id.*). It is not altogether clear, then, that the MPI would have an entry for a date that plaintiff was not actually treated; certainly, that is not a determination any court can make on the record as it currently stands.

contrary, plaintiff states that she arrived at the Hospital for scheduled treatment on those dates and was turned away, and no one from HHC with knowledge of plaintiff's patient history disputes her assertion. Given plaintiff's account of her visits to the Hospital on October 24 and October 31, it is perfectly plausible that the MPI inquiry would not show that she appeared for treatment, as she was not actually treated on those days even though she arrived there with the expectation that she would be. The MPI inquiry—which, as noted above, was uncertified and unauthenticated—therefore fails to support HHC's assertion that plaintiff was not scheduled for any treatment on those days. Indeed, in the affirmation in support of the motion to dismiss, HHC's counsel concedes that the Hospital's plan was for plaintiff to return to the surgery clinic on October 24, 2005 to have a test performed on that day. Notably, in light of the assertions in the affirmation, this concession is apparently based on medical records that HHC did not produce on its motion. Concur—Acosta, Mazzarelli and Moskowitz, JJ.

Friedman, J.P., and Andrias, J., concur in a separate memorandum by Andrias, J., as follows: In this medical malpractice action, plaintiff alleges that the failure of Lincoln Hospital's staff to diagnose and treat blood clots caused her right leg to be amputated above the knee. In the order on appeal, the motion court granted defendant's motion to dismiss the complaint, finding that plaintiff's notice of claim served on January 25, 2006 was untimely under the 90-day statutory deadline of General Municipal Law § 50-e (1) because the last date of treatment was October 19, 2005 and there "is no objective evidence to establish that plaintiff received any medical treatment [thereafter] to permit the application of the continuous treatment doctrine." The court also found that plaintiff's late notice of claim, served July 25, 2007, was not served in a "manner prescribed by law," as directed in the court's prior order dated September 14, 2006, because the one year and 90-day statute of limitations of General Municipal Law § 50-i for commencement of this action lapsed on January 17, 2007 and could not be extended.

I agree with the majority that the motion court erred when it granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) on the ground that the notice of claim served by plaintiff on January 25, 2006 was untimely. However, I do not agree with the majority's analysis insofar as it finds that plaintiff established that the continuous treatment doctrine applies as a matter of law. Rather, the record presents

issues of fact as to whether plaintiff received continuous treatment from Lincoln Hospital until October 31, 2005, which would render the notice of claim served on January 25, 2006, timely, which cannot be resolved at this procedural stage.

Where there is a continuous course of treatment for the conditions giving rise to a malpractice action, the running of the applicable statutory period is tolled during the period of continuous treatment (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291 [1998]; *Langsam v Terraciano*, 22 AD3d 414 [1st Dept 2005]). Continuous treatment will also toll the 90-day period within which a notice of claim must be filed under General Municipal Law § 50-e (1) (*see Plummer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 267 [2002]).

In moving to dismiss the complaint, defendant argued that the notice of claim served by plaintiff on January 25, 2006 is untimely because the surgery took place on September 17, 2005 and the objective evidence demonstrates that the last treatment at the hospital was on October 19, 2005, when the sutures were removed. In support, defendant submitted its counsel's affirmation, which, among other things, annexed plaintiff's General Municipal Law § 50-h testimony, bill of particulars and an "MPI Index Inquiry," which defendant's counsel characterized as a printout of information maintained by the hospital's Patients Accounts unit, which showed that plaintiff did not receive any treatment after October 19, 2005. However, although it is undisputed that the last time plaintiff received treatment at Lincoln Hospital was on October 19, 2005, when the sutures were removed, a patient remains under the continuous treatment or care of a physician between the time of the last appointment and the next scheduled one where the latter's purpose is to administer ongoing treatment for the same or a related condition (*see Richardson v Orentreich*, 64 NY2d 896, 898-899 [1985]). Defendant's counsel stated in her affirmation that "[t]he plan was for the plaintiff to have a PT/ PTT test performed that day [October 19] and to return to the Surgery clinic on October 24, 2005." Thus, it appears that both plaintiff and defendant anticipated further treatment related to plaintiff's leg beyond the October 19 visit (*see Hardison v New York City Health & Hosps. Corp.*, 18 AD3d 224 [1st Dept 2005]; *Oksman v City of New York*, 271 AD2d 213, 215 [1st Dept 2000]).

Defendant did not produce any medical records that would demonstrate whether or not plaintiff appeared on October 24, or which would disprove plaintiff's contention that she was told on that date to return on October 31. Insofar as defendant

relies on the MPI Index Inquiry to show that plaintiff did not receive any treatment after October 19, 2005, as the majority states, the document is unverified and unauthenticated (*see Granada Condominium III Assn. v Palomino*, 78 AD3d 996, 997 [2d Dept 2010]), and does not definitively establish what happened on October 24 and thereafter. Thus, defendant did not demonstrate its prima facie entitlement to dismissal of the complaint.

Furthermore, even if defendant's submissions are deemed to satisfy its initial burden on the motion to dismiss, plaintiff's submissions raised an issue of fact as to the applicability of the continuous treatment doctrine. Plaintiff asserted in her 50-h testimony and an affidavit that the notice of claim served on January 25, 2006 is timely under the continuous treatment doctrine because (i) a follow-up appointment was scheduled for October 24, 2005, at which time she was not examined and was told to return on October 31, 2005 because the hospital could not find her medical records; and (ii) when she returned on October 31, she was not examined and was told to go to her own physician because the hospital did not accept her insurance. This testimony as to scheduled follow-ups related to plaintiff's leg, which was not disproved by documentary evidence, must be deemed true for the purposes of the CPLR 3211 (a) (7) motion to dismiss (*see Hurrell-Harring v State of New York*, 15 NY3d 8, 20 [2010]).

However, while plaintiff's testimony suffices to defeat the motion to dismiss, her credibility cannot be resolved at this procedural stage. Plaintiff did not produce any objective records that would establish that she in fact returned to the hospital for treatment on October 24 or 31, 2005, and her hearsay allegations about statements from unidentified hospital staffers do not suffice to establish as a matter of law the hospital's intent to continue treatment though October 31. Contrary to the majority's holding, it is not enough that the record "suggests" or that "we can reasonably conclude" that plaintiff and her doctors explicitly anticipated that she would receive further treatment at the hospital after October 19, 2005, and the resolution of whether the continuous treatment doctrine applies raises factual issues that cannot be resolved at this procedural stage in the litigation. While defendant's counsel confirmed that the parties anticipated further treatment on October 24, plaintiff would have to show that treatment was anticipated on October 31, in order to render the January 25, 2005 notice of claim timely.

Insofar as plaintiff re-served her notice of claim on July 25,

2007, pursuant to an order dated October 14, 2006 which directed her to serve defendant with a copy "in the manner prescribed by law," the motion court correctly held that it no longer had the authority to recognize that notice of claim because the one year and 90 day statute of limitations of General Municipal Law § 50-i had lapsed before it was served (*see Argudo v New York City Health & Hosps. Corp.*, 81 AD3d 575, 576-577 [2d Dept 2011]).

Accordingly, I concur in the result only.