A.A. v New York City Health & Hosps. Corp. (Jacobi Hosp. Ctr.) (2020 NY Slip Op 07266)





A.A. v New York City Health & Hosps. Corp. (Jacobi Hosp. Ctr.)


2020 NY Slip Op 07266


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Renwick, J.P., Manzanet-Daniels, Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 350565/08 Appeal No. 12538N Case No. 2018-4334 

[*1]A.A., an Infant, by His Mother and Natural Guardian, Rosemary C., Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation (Jacobi Hospital Center), Defendant-Respondent.


The Fitzgerald Law Firm, P.C., Yonkers (John M. Daly of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered on or about April 23, 2018, which, to the extent appealed from as limited by the briefs, granted defendant's motion to renew its motion to dismiss the complaint, and upon renewal, granted the motion and dismissed the complaint, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting defendant's timely motion [*2]to renew, and upon renewal, granting its motion and dismissing the complaint, because Argudo v New York City Health & Hosps. Corp. (81 AD3d 575, 576-577 [2d Dept 2011]) reflects a change in the law that warranted reexamination of its arguments as to whether the court had the authority to again grant plaintiff leave to serve a late notice of claim or to deem an untimely notice timely served nunc pro tunc after the statute of limitations had expired. Defendant established a reasonable justification as to why it did not draw the motion court's attention to Argudo on the prior motion given that it was rendered by the Second Department after the motion to dismiss was filed.
We find that Argudo is directly on-point, because there the plaintiffs sought and received leave to serve a late notice of claim but failed to effectuate service of a notice on defendant in compliance with the order granting them leave before the applicable statute of limitations expired (see Argudo, 81 AD3d at 576-577). As in Argudo, plaintiff here is asserting that the proposed notice of claim annexed as an exhibit to his leave application satisfied the condition precedent of filing a timely notice of claim (id.). We find that defendant is entitled to dismissal of the complaint for plaintiff's failure to comply with the notice of claim requirements, because it has shown that plaintiff never filed a notice of claim after being granted leave to do so before the statute of limitations expired (id.).
The proposed January 17, 2001 notice of claim annexed to plaintiff's leave application and the June 20, 2006 notice of claim were nullities, because they were untimely and served without leave of court (see Kellogg v Office of Chief Med. Examiner of City of N.Y., 24 AD3d 376, 380 [1st Dept 2005]; Armstrong v New York Convention Ctr. Operating Corp., 203 AD2d 170, 170-171 [1st Dept 1994]). That plaintiff served the summons and complaint within the statute of limitations is of no moment, because it was not actually served within 90 days after his medical malpractice claims arose (see Argudo, 81 AD3d at 576-577; Tarquinio v City of New York, 84 AD2d 265 [1st Dept 1982], affd on other grounds sub nom. Pierson v City of New York, 56 NY2d 950 [1982]).
Defendant should not be estopped from asserting a statute of limitations defense, because its denial in its March 14, 2001 answer that a notice of claim was served pursuant to an order placed plaintiff on notice that there was a problem with service before the statute of limitations expired (see Bender v New York City Health & Hosps. Corp., 38 NY2d 662, 668 [1976]; Young v New York City Health & Hosps. Corp., 147 AD3d 509, 509 [1st Dept 2017]). That defendant engaged in pretrial discovery does not constitute a waiver of the requirements regarding the time and manner of service of the notice of claim, nor does it preclude defendant from raising the untimeliness of the notice of claim after the statute of limitations lapsed (see Hall v City of New York, 1 AD3d 254, 256 [1st Dept 2003]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020