## Thor Gateway I & II, LLC v Greater Omentum & Lawrence Harlem Foods LLC

2025 NY Slip Op 31205(U)

April 9, 2025

Supreme Court, New York County

Docket Number: Index No. 650072/2023

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. NICHOLAS W. MOYNE**          PART                    41M

*Justice*

------------------------------------------------------------------------------X

THOR GATEWAY I & II, LLC,                        INDEX NO.            650072/2023

                    Plaintiff,                   MOTION DATE         03/21/2023

            - v -                                MOTION SEQ. NO.        001

GREATER OMENTUM AND LAWRENCE HARLEM FOODS
LLC, COREY LAWRENCE, JOSEPH EDWARDS, SAMUEL
J. DANIEL, DAVID FROST, RONALD CHASE, BILLY H.      **DECISION + ORDER ON**
FORD, WILLIE ALEXANDER MORTON, TREVOR                      **MOTION**
WORRELL

                    Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15

were read on this motion to/for                     DISMISS                     .

Upon the foregoing documents, it is

Plaintiff, Thor Gateway I & II, LLC ("Thor" or "Landlord"), commenced this action

against defendants, Greater Omentum and Lawrence Harlem Food LLC ("Tenants"), Corey

Lawrence, Joseph Edwards, Samuel J. Daniel, David Frost, Ronald Chase, Billy H. Ford, Willie

Alexander Morton, and Trevor Worrell ("Guarantors")[1], to recover damages allegedly sustained

in the amount of $795,000.00, plus costs and attorneys' fees, and asserting causes of action for

breach of a lease agreement and breach of guaranty agreement.

In Motion Sequence 001, defendants now move for an order, pursuant to CPLR §§ 3211

(a)(1) & (a)(7), dismissing the complaint for the failure to state a claim and/or pursuant to the

---

[1] The court notes that plaintiff has only filed proof of service of the summons and complaint for two of the defendants named herein: Joseph Edwards and Samuel J. Daniel (NYSCEF Doc. No. 2; 3). Accordingly, the court lacks personal jurisdiction over the individual defendants which have not been served with the papers for this action.

**650072/2023   THOR GATEWAY I & II, LLC vs. GREATER OMENTUM AND LAWRENCE HARLEM**          **Page 1 of 6**
**FOODS LLC ET AL**
**Motion No.  001**

[* 1]

"Guaranty Law", New York City Administrative Code § 22-1005 as the plaintiff may not recover against the individual Guarantors.

The relevant factual allegations as stated within the complaint are as follows. Plaintiff alleges that as of March 2015, it acquired and became the landlord of the retail space on the first floor in the building located at 2082-2088 Lexington Avenue, New York, New York. Plaintiff contends that in April 2011, the previous landlord entered a lease with Greater Omentum, as Tenant, renting the premises for an IHOP restaurant. This lease was then allegedly amended by a Tenant Improvement Amendment dated October 6, 2011, Second Lease Amendment dated October 31, 2011, Addendum to Lease dated November 21, 2011, and Third Modification of Lease dated December 12, 2014, with a term commencing on April 1, 2011, and expiring March 31, 2026.[2] Plaintiff contends that in consideration of this lease, each of the Guarantors signed a personal guaranty for the lease. Regarding the provisions of the supposed guaranties, the complaint includes that, "…they absolutely, irrevocably and unconditionally guaranteed to Landlord the full and prompt compliance by Tenant of all of the obligations of Tenant under the Lease, including the payment of all Rent and Additional Rent… and any costs incurred by Landlord in enforcing the [g]uaranty", and "the [g]uaranties state that the Guarantors consent to personal jurisdiction with respect to all claims, actions and proceedings arising under the [g]uaranties, and agree that the proper venue for any such action or proceeding shall be the Supreme Court, New York County or the Civil Court, New York County" (NYSCEF Doc. No. 1

---

[2] Relevant factual allegations relating to the provisions of the supposed lease are as follows: (1) "The Lease requires Tenant to pay fixed rent in monthly installments, percentage rent, real estate tax escalations, water charges, and sewer charges"; (2) "The Lease allows Landlord to re-enter and repossess the Premises if Tenant defaults in the payment of rent…Tenant remains liable for sums equal to the deficiency between the rent and additional rent reserved, and the net amount (if any) of the rents collected from any re-letting of the Premises for each month of the period which would otherwise have constituted the balance of the term of the Lease"; (3) the Lease provides that if Landlord prevails in an action based on Tenant's default under the Lease, Landlord is entitled to recover its reasonable attorneys' fees and expenses incurred in the prosecution of such action" (NYSCEF Doc. No. 1 ¶¶ 16-18).

650072/2023   THOR GATEWAY I & II, LLC vs. GREATER OMENTUM AND LAWRENCE HARLEM     Page 2 of 6
FOODS LLC ET AL
Motion No.  001

[* 2]

2 of 6

¶¶ 19, 20). In the complaint, plaintiff is asserting a claim against Greater Omentum and Lawrence Harlem Food LLC for breach of lease, as well as a claim against the Guarantors for breach of guaranty.

Counsel for defendants alleges that, "[t]he estate of Greater Omentum and Lawrence Harlem Foods LLC has been fully administered and discharged in Chapter 7 Bankruptcy (NYSCEF Doc. No. 5 ¶ 6). In response to which, plaintiff has and/or is withdrawing its claims as against the Tenants, stating "plaintiff no longer seeks recover against the tenant, and will proceed solely against the guarantors" (NYSCEF Doc. No. 11 at 3, n. 1). Accordingly, complaint and/or first cause of action for breach of lease agreement may be dismissed (*Noto v Planck, LLC*, 228 AD3d 516, 517 [1st Dept 2024]; *Victory State Bank v EMBA Hylan, LLC*, 169 AD3d 963, 967 [2d Dept 2019]).

*CPLR §§ 3211 (a)(1) and (a)(7):*

In their motion papers, defendants mention various grounds on which they may be seeking dismissal, including: (1) the plaintiff has failed to state a claim upon which relief may be granted as against the Guarantors; (2) that the guaranties are not enforceable against Guarantors under Admin Code 22-1005[3]; (3) plaintiff refused to provide defendants with a fully executed copy of the lease and/or fully executed copies of the alleged personal guaranties; and (4) "challenging personal jurisdiction, because service of process on [d]efendants is insufficient, for lack of service; service is invalid on one or more of the [d]efendants, for failure to serve at the actual or usual place of abode; Affidavits of Service have not been filed with the Court for all [d]efendants. As it is unclear from the motion papers what grounds/the basis of the motion is, both CPLR §§ 3211 (a)(1) or (a)(7) will be addressed. Notwithstanding the issues of personal

---

[3] While this motion was pending, defendants withdrew but then later attempted to and/or did reinstate the claim for dismissal based on Administrative Code § 22-1005.

**650072/2023   THOR GATEWAY I & II, LLC vs. GREATER OMENTUM AND LAWRENCE HARLEM FOODS LLC ET AL** **Page 3 of 6**
**Motion No.  001**

3 of 6

[* 3]

jurisdiction and the applicability of the Guaranty Law, the complaint must be dismissed due to the failure to state a claim.

Under CPLR § 3211(a)(1), a dismissal is warranted only if "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Xu v Van Zwienen*, 212 AD3d 872, 874 [2d Dept 2023], quoting *Goshen v Mut. Life Ins. Co. of New York*, 98 NY2d 314, 326 [2002]). "Allegations that are 'bare legal conclusions' or that are 'inherently incredible or flatly contradicted by documentary evidence' are not sufficient to withstand a motion to dismiss" (*RTW Retailwinds, Inc. v Colucci & Umans*, 213 AD3d 509, 510 [1st Dept 2023] [internal citations omitted]).

To the extent asserted, defendants motion to dismiss based on CPLR § 3211 (a)(1), documentary evidence, would be denied. The only evidence offered is an affidavit which, in addition to failing to constitute documentary evidence, lacks any probative value as it is unsigned, uncertified, and contains the same allegations as those contained in the affirmation by counsel (*see Bou v Llamoza*, 173 AD3d 575, 576 [1st Dept 2019], *Correa v Orient-Express Hotels, Inc.*, 84 AD3d 651 [1st Dept 2011]; *Hill v New York City Health and Hosps. Corp.*, 147 AD3d 430, 432 [1st Dept 2017]; *Li Xian v Tat Lee Supplies Co., Inc.*, 170 AD3d 538, 539 [1st Dept 2019]).

On a CPLR § 3211 (a)(7) motion to dismiss, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Seaman v Schulte Roth & Zabel LLP*, 176 AD3d 538, 538 [1st Dept 2019]). However, allegations consisting of bare legal conclusions are insufficient, and "[d]ismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the

650072/2023   THOR GATEWAY I & II, LLC vs. GREATER OMENTUM AND LAWRENCE HARLEM FOODS LLC ET AL
Motion No.  001

Page 4 of 6

factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

Plaintiff has failed to adequately allege a claim of breach of contract against the two individual defendants based on the existence of a supposed guaranty agreement. A guaranty is a promise to fulfill the obligations of another party, and is subject "to the ordinary principles of contract construction" (*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro*, 25 NY3d 485, 492 [2015]). To adequately state a claim for breach of contract, a plaintiff must allege that: (1) a contract exists; (2) plaintiff performed in accordance with the contract; (3) defendant breached its contractual obligations; and (4) defendants' breach resulted in damages (*34-06 73, LLC v Seneca Ins. Co.*, 39 NY3d 44, 52 [2022]). Further, the plaintiff's allegations must sufficiently identify the provisions of any such agreement and how they were breached (*Martin Assoc., Inc. v Illinois Natl. Ins. Co.*, 188 AD3d 572 [1st Dept 2020]).

However, the plaintiff's allegations, including those supplemented in the motion opposition papers, are insufficient to state a claim (*Detringo v S. Is. Family Med., LLC*, 158 AD3d 609, 610 [2d Dept 2018]). The plaintiff has failed to include allegations pertaining to the individual defendants or any conduct constituting a breach which may be attributed to them (*Barker v Time Warner Cable, Inc.*, 83 AD3d 750, 752 [2d Dept 2011]). The unverified complaint is entirely devoid of any specific or detailed factual allegations to adequately allege the material elements of the claim, including: the relationship of the parties, the existence of an enforceable guaranty agreement, or the supposed underlying material terms or conditions thereof (*Martin Assoc., Inc. v Illinois Natl. Ins. Co.*, 188 AD3d 572 [1st Dept 2020]; *Chip Fifth Ave. LLC v Quality King Distributors, Inc.*, 158 AD3d 418 [1st Dept 2018]). Instead, the allegations in the complaint are conclusory, non-specific, and insufficient to adequately plead a claim based

650072/2023   THOR GATEWAY I & II, LLC vs. GREATER OMENTUM AND LAWRENCE HARLEM FOODS LLC ET AL
Motion No. 001

Page 5 of 6

5 of 6

on an alleged breach of guaranty (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] ["[t]he complaint only offers conclusory allegations without pleading the pertinent terms of the purported agreement…[w]e are left to speculate as to the parties involved and the conditions under which this alleged appraisal contract was formed"]). Accordingly, plaintiff has failed to sustain a cause of action for breach of contract (*Marino v Vunk*, 39 AD3d 339, 340 [1st Dept 2007]).

Accordingly, it is hereby

ORDERED that the motion by defendants, to dismiss the complaint, is GRANTED and the complaint is dismissed, without prejudice and without costs; and it is further

ORDERED that the Clerk is directed to enter judgment accordingly.

This constitutes the decision and order of the court.

20250409154223NMOYNE0F6DD1991B1944C19FC3D3C0810FBEFA

| 4/9/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **NICHOLAS W. MOYNE, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**650072/2023   THOR GATEWAY I & II, LLC vs. GREATER OMENTUM AND LAWRENCE HARLEM FOODS LLC ET AL**
**Motion No.  001**

**Page 6 of 6**

6 of 6