Kleiner v New York City Health & Hosps. Corp. (2025 NY Slip Op 51558(U))

[*1]

Kleiner v New York City Health & Hosps. Corp.

2025 NY Slip Op 51558(U)

Decided on October 2, 2025

Supreme Court, New York County

King, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 2, 2025
Supreme Court, New York County

Georgia Kleiner, ELEANOR T KLEINER, JAMES D KLEINER, KATHERINE M KLEINER, 
 and ISABEL F KLEINER, Plaintiffs,

against
New York City Health and Hospitals Corporation 
 d/b/a HARLEM HOSPITAL CENTER, Defendant.

Index No. 805124/2024

Pro se Plaintiff
Counsel for Defendant NEW YORK CITY HEALTH AND HOSPITALS CORPORATION d/b/a HARLEM HOSPITAL CENTER: MARTIN CLEARWATER AND BELL, 220 E 42nd Street Fl 13, New York, NY 10017, (212) 697-3122

Kathy J. King, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 29, 35, 37, 38, 39, 40, 41, 42, 43, 44 were read on this motion to/for LEAVE TO FILE.
The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 36 were read on this motion to/for SEAL.
Upon the foregoing documents, and oral arguments having been heard, Plaintiffs move for an Order, declaring Plaintiffs' previously served Notice of Claim sufficient against Defendant New York City Health and Hospitals Corporation d/b/a Harlem Hospital Center ("NYCHHC"), pursuant to General Municipal Law 50-e[5]; or in the alternative, granting Plaintiffs leave to serve the proposed Amended Notice of Claim nunc pro tunc (Mot. Seq. 001).[FN1]

Plaintiffs also move for leave to file under seal the Defendant's medical records [*2]pertaining to non-party Max O. Kleiner (Mot. Seq. 002). Both motions are consolidated for purposes of disposition.
Defendant opposes and cross-moves for an Order, pursuant to CPLR 3211[a][3], dismissing the within action with prejudice for lack of standing, or, pursuant to CPLR 3211[a][7], dismissing the action with prejudice, for failure to state a cause of action, and upon dismissal, directing the entry of judgment with prejudice in favor of NYCHHC.[FN2]
BACKGROUND
This medical malpractice action arises out of the care and treatment provided by NYCHHC to non-party Max O. Kleiner ("the Patient") at Harlem Hospital Center ("Harlem Hospital") on or about January 23-24, 2023. The Patient was brought to Harlem Hospital by members of the New York City Police Department and Emergency Medical Services for displaying aggressive conduct on a Metro-North train. Plaintiffs allege that NYCHHC negligently discharged the Patient following a psychiatric evaluation, and, on January 27, 2023, three days later, he stabbed and strangled his sister, Isabel F. Kleiner ("Isabel"). According to Plaintiffs, NYCHHC and its staff were negligent "in failing to confine [the Patient] for medication and treatment of his mental illness and . . . discharging and releasing him . . . " less than ten hours after his admission to Harlem Hospital. Plaintiffs also seek damages for emotional distress as a result of these claimed events.
This action was commenced on April 23, 2024, by the filing of a Summons with Notice by the Patient's family members Georgia, Eleanor, James, Katherine, and Isabel Kleiner. The Patient was not named as a party to this action. On that same day, Plaintiffs also served a Notice of Claim on NYCHHC which claim damages for "extreme emotional and psychological distress, and post-traumatic stress syndrome," as well as "the time and/or expense of therapy and/or the expense of retaining and paying criminal defense attorneys to protect [the Patient's] rights." The Notice of Claim listed the Patient as a claimant, together with Plaintiffs Georgia, Eleanor, James, Katherine, and Isabel Kleiner.[FN3]

It is undisputed that Plaintiffs' April 23, 2024 Notice of Claim was untimely since it was not filed within the statutory time period. 
As a result, Plaintiffs now seek leave of court to deem the Notice of Claim (1) declaring Plaintiffs' previously served Notice of Claim sufficient against Defendant Hospital; or (2) in the alternative, granting Plaintiffs leave to serve the Proposed Notice of Claim nunc pro tunc. 
Defendant opposes the requested relief and cross move to dismiss the within action with prejudice.

 DISCUSSION
Service of a Notice of Claim within 90 days after accrual of the claim is a condition precedent to the commencement of an action against NYCHHC, a municipal corporation (see McKinney's Uncons. Laws of NY § 7401(2); General Municipal Law § 50-e(1)(a); Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606, 609 [2005]; Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 267 [2002]; Umeh v New York City Health & Hosps. Corp., 205 AD3d 599, 600-601 [1st Dept 2022]; A.A. v New York City Health & Hosps. Corp. (Jacobi Hosp. Ctr.), 189 AD3d 426, 427 [1st Dept 2020]). While Plaintiffs argue that they have meet the factors articulated in General Municipal Law 50-e [5] for the Court's exercise of its discretionary authority, Defendant, in opposition, asserts that Plaintiffs' failure to comply with a condition precedent to commencement against a municipal corporation, along with Plaintiffs' lack of standing, warrant dismissal of the within action as a matter of law.
The Court agrees with Defendant.
First, the Notice of Claim was not served within 90 days of the alleged negligence of January 24, 2023, a condition precedent to commencing the within lawsuit. Instead, it was served on April 23, 2024, the same day that the within action was commenced and without leave of court, which rendered it a legal nullity (see A.A. v NY City Health & Hosps. Corp. (Jacobi Hosp. Ctr.), 189 AD3d 426 [1st Dept 2020] [holding that the proposed January 17, 2001 notice of claim annexed to plaintiff's leave application and the June 20, 2006 notice of claim were nullities, because they were untimely and served without leave of court]; see generally Kellogg v Off. of the Chief Med. Examiner of the City of NY, 24 AD3d 376 [1st Dept 2005]). Additionally, Defendant properly asserts that Plaintiffs lack standing for their request for leave to serve a late Notice of Claim on behalf of the Patient. While the Patient is named as a claimant, he is not a named Plaintiff in the action, and, thus, is not a movant.
The Court notes that Plaintiffs are proceeding pro se and do not assert claims on behalf of the Patient. Similarly, the Notice of Claim for which Plaintiffs seek leave are for "claims related to the care, treatment, monitoring, diagnosis, management, evaluation, and testing and services rendered to [MAX O. KLEINER] ('MK')" (emphasis added). Thus, the Court finds that Plaintiffs lack standing and cannot state a cause of action for damages for the alleged medical malpractice committed against the Patient since NYCHHC did not owe a legal duty to the non-patient Plaintiffs. The case law is well settled that a doctor only owes a duty of care to his or her patient (see McNulty v City of New York, 100 NY2d 227, 232 [2003]; Purdy v Public Adm'r of Westchester County, 72 NY2d 1, 9 [1988]). Notably, the courts have consistently held that a medical malpractice cause of action may not be asserted against a physician or hospital by a non-patient, except in extremely limited circumstances which do not exist in the case at bar (see generally Tenuto v Lederle Labs., Div. of Am. Cyanamid Co., 90 NY2d 606 [1997]). As a result, the Court finds that Plaintiffs, as the Patient's family members, have suffered no legally cognizable injury, and cannot recovery for the underlying claims for which they seek damages. Such claims must therefore be dismissed as a matter of law pursuant to CPLR 3211[a][7].
Based on the foregoing, Plaintiffs' motion declaring its previously served Notice of Claim sufficient against NYCHHC, pursuant to General Municipal Law 50-e [5] is denied (Mot. Seq.1) and Defendant's cross motion to dismiss the complaint is granted. Plaintiffs' remaining arguments in support of its motion for service of late Notice of Claim are unavailing and shall not be considered by the Court.
Plaintiffs' motion for an Order permitting the Medical Records of the Patient to be filed under seal as Exhibit 5 to the Verified Petition is denied as moot (Mot. Seq. 2).
Accordingly, it is hereby
ORDERED, that the Plaintiffs' motion for an Order pursuant to General Municipal Law 50-e [5], or, in the alternative, granting Plaintiffs leave to serve the proposed Amended Notice of Claim nunc pro tunc, is denied (Mot. Seq. 1); and it is further
ORDERED, that the Plaintiff's Order to Show Cause to seal the medical records of non-party Max O. Kleiner is denied as moot (Mot. Seq. 2); and it is further
ORDERED, that the Defendant's cross-motion to dismiss Plaintiffs' complaint with prejudice is granted; and it is further
ORDERED that the Plaintiffs' complaint as to the Defendant New York City Health and Hospitals Corporation d/b/a Harlem Hospital Center is dismissed with prejudice; and it is further
ORDERED, Defendant is directed to serve a copy of this order, with notice of entry, upon the Plaintiffs within twenty (20) days of entry of this Order; and it is further
ORDERED, that such service upon the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "EFiling" page on the court's website, and, to comply with those procedures, the plaintiff shall (1) upload the so-ordered stipulation to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER"AND (2) separately file and upload the notice required by CPLR 8019(c) a completed Form EF-22, along with a copy of the so-ordered stipulation, under document title "NOTICE TO COUNTY CLERK CPLR 8019(C)," and the County Clerk and all appropriate court support offices shall thereupon maintain the court records accordingly; and it is further
ORDERED, that the Clerk is directed to enter judgment in accordance with this order.
This constitutes the decision and order of the Court.
DATE October 2, 2025
KATHY J. KING, J.S.C.

Footnotes

Footnote 1: Plaintiffs refer to the moving papers as a Notice of Petition and a Verified Petition. The Court will deem the moving papers as a motion pursuant to CPLR 305(b), since the underlying action was commenced by a summons with notice.

Footnote 2: The Court shall not consider Plaintiffs' sur-reply for Mot Seq 001 and 002, since sur-replies are not permitted absent express permission from the court (22 NYCRR § 202.8-c).

Footnote 3: Plaintiffs in their moving papers refer to the Notice of Claim filed on April 23, 2023 as the "previously served" Notice of Claim and the Notice of Claim to be filed nunc pro tunc, as the Proposed Notice of Claim. Both Notice of Claims are substantively identical and for purposes of this discussion shall be referred to as the Notice of Claim.