**Eagle Pedicab, Inc. v 109 W. 38th LLC**

2026 NY Slip Op 30905(U)

March 9, 2026

Supreme Court, New York County

Docket Number: Index No. 652054/2025

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
### NEW YORK COUNTY

PRESENT:    **HON. PHAEDRA F. PERRY-BOND**          PART          **35**
                                                *Justice*

-----------------------------------------------------------------X

EAGLE PEDICAB, INC.,

                         Plaintiff,

               - v -

109 WEST 38TH LLC, LEVY SILBERSTEIN, and JOHN DOE

                         Defendants.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652054/2025 |
| MOTION DATE | 06/05/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13

were read on this motion to/for                 DISMISS            .

Upon the foregoing documents, Defendants' motion to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(1) and (a)(7) is granted in part and denied in part.

### I.    Background

On December 21, 2022, Plaintiff leased the premises at 109 West 38th Street, New York, New York (the "Premises") from Defendant 109 West 38th LLC ("West 38th LLC") to operate a pedicab rental, sales, and repair business. On December 3, 2024, a fire occurred at the Premises and the New York City Department of Buildings issued a full vacate order due to unsafe conditions at the Premises. Allegedly, West 38th LLC did not take any steps to repair the Premises making it impossible for Plaintiff to occupy it and conduct its business. Plaintiff's property at the Premises was allegedly removed and sold via Facebook Marketplace without Plaintiff's consent. Plaintiff now sues Defendants for recission of the Lease due to constructive eviction, conversion, and breach of the covenant of quiet enjoyment.

[* 1]

Defendants respond with this pre-answer motion to dismiss, arguing that the fire began at the Premises because numerous lithium-ion batteries being stored by Plaintiff exploded, leading the FDNY to issue a public statement about the dangers of electronic bikes. Defendants also argue that notwithstanding the FDNY statement, Plaintiff fails to allege that the fire occurred through no fault of its own, and therefore fails to allege the Defendants' duty to repair the Premises under the Lease was triggered. Defendants further argue there can be no claim against Defendant Levy Silberstein as he was not a party to the Lease and has no contractual privity with Plaintiff. Finally, Defendants argue the conversion claim fails to allege a demand for its property was ever made and refused. Plaintiff opposes.

## II.     Discussion

The motion is granted in part and denied in part. When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court accepts all factual allegations as true, gives claimant the benefit of all favorable inferences which may be drawn from the pleadings, and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). However, conclusory allegations or bare legal conclusions with no factual specificity are insufficient (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.,* 29 NY3d 137, 142 [2017]). A motion to dismiss based on documentary evidence is appropriately granted when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]).

To the extent that Plaintiff seeks recission of the lease due to constructive eviction and sues for breach of the covenant of quiet enjoyment against Silberstein, those claims are dismissed as the lease annexed to Plaintiff's Complaint definitively establishes the only parties in contractual privity are Plaintiff and West 38th LLC.

Plaintiff is correct that the FDNY press release blaming the fire on lithium-ion batteries at Plaintiff's store is not documentary evidence (*see, e.g. Hill v New York City Health and Hospitals Corp.*, 147 AD3d 430, 430 [1st Dept 2017]). However, Plaintiff's Complaint is fatally silent as to the cause of the fire. Because West 38th LLC's duty to restore the Premises is only triggered if the fire was caused through no fault of Plaintiff, and Plaintiff fails to allege the fire was caused through some other party's fault, the contract claims must be dismissed.[1] Specifically, the Lease states in Article 16:

> "If a fire or other casualty shall have been caused by any act or omission of Tenant or by any act or omission of any owner, member, shareholder, principal, manager, officer, director, employee, worker, contractor, subcontractor, customer, patron, client, invitee or assignee of Tenant or by any act or omission of any subtenant, licensee or occupant of the Premises then, notwithstanding anything to the contrary contained in this Lease, Tenant shall remain obligated to pay all Fixed Rents and Additional Rents payable under this Lease (i.e., the Fixed Rents and Additional Rents shall not be eliminated, abated or reduced for any period) and Landlord shall not be required to repair, replace or restore the Structural Components or any other part of the Building and Tenant shall, at Tenant's expense, promptly repair, replace and restore the Structural Components, the Build-Out, all parts and components of the Premises and Building and Tenant's Equipment."

Plaintiff's failure to allege facts demonstrating that West 38th LLC's duty to repair was triggered requires dismissal (*see, e.g. M & E 73-75 LLC v 57 Fusion LLC*, 189 AD3d 1, 6-7 [1st Dept 2020]). Therefore, the recission and constructive eviction claim is insufficiently pled and are dismissed.

---

[1] Even in opposition, Plaintiff failed to amplify its pleadings and allege the fire was caused due to no fault of its own. Plaintiff fails to even address the allegation that the fire was caused by its electronic bike business.

Moreover, because Plaintiff failed to allege it performed all obligations under the Lease (including not setting the Premises on fire by charging a dangerous number of lithium-ion batteries), Plaintiff cannot assert a claim for the breach of the covenant of quiet enjoyment (*see 558 Seventh Ave. Corp. v E&B Barbers Inc.*, 237 AD3d 635, 635-636 [1st Dept 2025] ["in order for a tenant to assert a claim for breach of the covenant of quiet enjoyment, the tenant must have performed all obligations which are a condition precedent to its right to insist upon the covenant"]).

However, accepting the facts alleged as true, and in the absence of any documentary evidence definitively contradicting Plaintiff's allegations, Plaintiff sufficiently alleged claims for conversion against Defendants. Specifically, Plaintiff alleges Defendants seized its property without its permission and sold it, without Plaintiff's knowledge, on Facebook Marketplace. This is sufficient for a pre-answer motion to dismiss (*see, e.g. Reif v Nagy*, 175 AD3d 107 [1st Dept 2019] [conversion occurs when someone, intentionally and without authority, exercises control over personal property belonging to someone else, interfering with that person's right of possession]). Therefore, the motion to dismiss is denied as to Plaintiff's conversion claim but is otherwise granted. The Court has considered the parties' remaining contentions and finds them to be unavailing.

Accordingly, it is hereby,

ORDERED that Defendants' motion to dismiss the first and third causes of action are granted, but the motion to dismiss the second cause of action alleging conversion is denied; and it is further

ORDERED that within twenty days of entry, Defendants shall serve an Answer to what remains of Plaintiff's Complaint; and it is further

[* 4]

ORDERED that ORDERED that the parties shall meet and confer immediately and shall submit a proposed preliminary conference order to the Court via e-mail, but in no event shall the proposed preliminary conference order be submitted any later than April 21, 2026. If there is a serious discovery dispute preventing the parties from entering a proposed order, they shall notify the Court via e-mail so an in-person conference can be scheduled; and it is further

ORDERED that if the parties wish to resolve this dispute through the Court's sponsored ADR program, they shall notify the Court so the appropriate referral order may be issued; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

3/9/26
**DATE**

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652054/2025   EAGLE PEDICAB, INC. vs. 109 WEST 38TH LLC ET AL**
**Motion No.  001**

Page 5 of 5